1                    UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF TEXAS
2                          WACO DIVISION

3  PROFECTUS TECHNOLOGY,    ) Docket No. WA 20-CA-101 ADA
   LLC                      )
4                           )
   vs.                      ) Waco, Texas
5                           )
   GOOGLE, LLC              ) June 11, 2020
6

7              TRANSCRIPT OF TELEPHONE CONFERENCE
              BEFORE THE HONORABLE ALAN D. ALBRIGHT
8

9  APPEARANCES:

10 For the Plaintiff:        Mr. Steven E. Ross
                             Ross IP Group, PLLC
11                           5050 Quorum Drive, Suite 700
                             Dallas, Texas 75254
12
                             Mr. Kirk A. Voss
13                           Griffith Barbee, PLLC
                             1722 Routh Street, Suite 710
14                           Dallas, Texas 75201

15 For the Defendant:        Ms. Paige A. Amstutz
                             Scott, Douglass & McConnico, LLP
16                           303 Colorado Street, Suite 2400
                             Austin, Texas 78701
17
                             Mr. Daniel C. Callaway
18                           Farella, Braun & Martel, LLP
                             235 Montgomery Street, 18th Floor
19                           San Francisco, California 94104

20 Court Reporter:           Ms. Lily Iva Reznik, CRR, RMR
                             501 West 5th Street, Suite 4153
21                           Austin, Texas 78701
                             (512)391-8792
22

23

24

25 Proceedings reported by computerized stenography,
   transcript produced by computer-aided transcription.

| | | |
|---|---|---|
| 15:46:16 | 1 | THE CLERK:  Telephonic discovery hearing in Civil |
| 15:46:18 | 2 | Action 6:20-CV-101, styled, <u>Profectus Technology, LLC vs.</u> |
| 15:46:25 | 3 | <u>Google, LLC.</u> |
| 15:46:25 | 4 | THE COURT:  If I could hear announcements from |
| 15:46:28 | 5 | plaintiff's counsel and then, defense counsel. |
| 15:46:33 | 6 | MR. ROSS:  Yes, your Honor. |
| 15:46:33 | 7 | Good afternoon.  This is Steven Ross.  I'm lead |
| 15:46:35 | 8 | counsel for Plaintiff Profectus.  And with me on the call |
| 15:46:39 | 9 | today is my co-counsel, Mr. Kirk Voss. |
| 15:46:42 | 10 | THE COURT:  Welcome by phone to Waco. |
| 15:46:46 | 11 | And who for the defendant? |
| 15:46:49 | 12 | MS. AMSTUTZ:  Good afternoon, Judge Albright. |
| 15:46:51 | 13 | This is Paige Amstutz with Scott, Douglass & |
| 15:46:54 | 14 | McConnico.  With me is Dan Callaway with Farella, Braun & |
| 15:47:00 | 15 | Martel.  And with us also is our client, Don Wong. |
| 15:47:06 | 16 | THE COURT:  Thanks to each of you for being here |
| 15:47:08 | 17 | besides Ms. Amstutz.  Especially I always appreciate it |
| 15:47:12 | 18 | when counsel -- not besides her, but I'm happy to have |
| 15:47:15 | 19 | her, as well.  But I always appreciate it when inhouse |
| 15:47:19 | 20 | folks show up.  I think that's very important. |
| 15:47:22 | 21 | So I've been looking over -- I looked over the |
| 15:47:26 | 22 | discovery issues that you all have.  That doesn't mean I |
| 15:47:29 | 23 | could guess which one of you wants to go first, but I |
| 15:47:33 | 24 | guess since the plaintiff wants to get this information, |
| 15:47:36 | 25 | I'll let them say why, and then, I'll hear from opposing |

15:47:39  1   counsel as to why they should not get it.

15:47:45  2           MR. ROSS:  Thank you, your Honor.  This is Mr.

15:47:46  3   Ross.

15:47:47  4           With the Court's permission, I will just proceed

15:47:51  5   with these issues in the order that they are set out in my

15:47:55  6   letter.

15:47:55  7           THE COURT:  Okay.

15:47:57  8           MR. ROSS:  The first issue is with respect to

15:48:00  9   Interrogatory No. 5, and this interrogatory asks for

15:48:05  10  Google to provide information regarding the various

15:48:08  11  economic incentives, such as tax breaks or tax abatements,

15:48:14  12  that it has received from governmental entities to either

15:48:18  13  relocate to or expand within the Western District of

15:48:23  14  Texas.  So in that regard, we'd like to get information

15:48:28  15  regarding the governmental entity that extended those

15:48:32  16  incentives, the date of the incentives, the nature of the

15:48:36  17  incentives, and then, the dollar value of the incentives.

15:48:40  18          This goes directly to the public interest factors

15:48:45  19  and particularly the local interest in deciding local

15:48:51  20  cases at home.  Obviously, the amount of money that a

15:48:56  21  governmental entity is willing to invest, if you will, in

15:49:02  22  a company such as Google is a measure of that government's

15:49:08  23  interest in the operations of Google within that -- within

15:49:12  24  that jurisdiction.

15:49:14  25          We think that's very relevant information, and

15:49:18  1  we've asked for it in the form of an interrogatory because

15:49:22  2  we believe that Google has this information collected and

15:49:27  3  relatively handy for tax purposes, if for no other reason.

15:49:31  4  And we think it would not be very burdensome to answer

15:49:35  5  that interrogatory.

15:49:37  6          THE COURT:  Before I hear from counsel for

15:49:40  7  Google, I will tell you, this is an interesting discovery

15:49:45  8  request.  I don't think I've seen it before, but I'm not

15:49:48  9  doing discovery requests anymore.  But I know that when I

15:49:51  10  was arguing these cases, on one side or the other, I did

15:49:56  11  think it was important.  This kind of information had some

15:50:00  12  relevance.  You know, it certainly has some relevance, for

15:50:03  13  example, that, you know, Google has a substantial building

15:50:09  14  and a number of employees in Western District of Texas,

15:50:13  15  for example, in Austin.

15:50:14  16          But it seems to me that to the extent this

15:50:18  17  information is relevant, the only information -- the only

15:50:23  18  buckets of information that would be relevant to this case

15:50:30  19  opposing a transfer would be funds that Google received

15:50:35  20  either from local entities -- I'm not going to -- I guess

15:50:40  21  it could be city of Austin, but it could be anybody -- or

15:50:43  22  the state of Texas with the intent to incentivize Google

15:50:47  23  to move into a location that's within the Western

15:50:53  24  District.

15:50:53  25          So I will start off by telling defense counsel

| | | |
|---|---|---|
| 15:50:56 | 1 | for Google, I am sympathetic at least with those two |
| 15:51:00 | 2 | buckets.  So tell me why I'm wrong. |
| 15:51:07 | 3 | MR. CALLAWAY:  Thank you, your Honor.  This is |
| 15:51:08 | 4 | Dan Callaway for Google. |
| 15:51:10 | 5 | We view this discovery request and the public |
| 15:51:13 | 6 | interest justification for it as being very attenuated |
| 15:51:19 | 7 | with respect to public interest.  And to be specific, |
| 15:51:25 | 8 | Profectus has requested and Google has agreed to produce |
| 15:51:28 | 9 | evidence on, as you mentioned, the size of its offices, |
| 15:51:31 | 10 | the number of employees, the role of those employees as it |
| 15:51:35 | 11 | relates to the accused products; and in view of that |
| 15:51:37 | 12 | evidence, which Google has agreed to produce, you know, |
| 15:51:40 | 13 | what does it add whether Google has received a tax break. |
| 15:51:44 | 14 | You know, there's no statement of a nexus in this |
| 15:51:48 | 15 | discovery request between any tax break and the actual |
| 15:51:52 | 16 | accused products. |
| 15:51:53 | 17 | So this appears to be duplicative when it comes |
| 15:51:57 | 18 | to public interest of the sort of facts on the ground |
| 15:52:00 | 19 | about, you know, where are the buildings, how many folks |
| 15:52:03 | 20 | are working there, and how many folks are working on the |
| 15:52:07 | 21 | accused products. |
| 15:52:09 | 22 | THE COURT:  Well, I don't know that I agree with |
| 15:52:11 | 23 | you.  And, of course, I'll let the plaintiff lawyer take |
| 15:52:15 | 24 | this up himself.  But it seems to me that the local |
| 15:52:18 | 25 | interest is reflected both by the investment that Google |

| | | |
|---|---|---|
| 15:52:22 | 1 | is making or any defendant is making in the district.  And |
| 15:52:29 | 2 | then, I might agree with you that, ultimately, it doesn't |
| 15:52:33 | 3 | move the needle one way or the other.  But when the |
| 15:52:41 | 4 | question is whether or not the plaintiff should be |
| 15:52:42 | 5 | entitled to discovery on something, I don't know that that |
| 15:52:44 | 6 | is the right standard. |
| 15:52:46 | 7 | Seems to me, the right standard for discovery is |
| 15:52:50 | 8 | unless it's overly burdensome -- and I didn't hear that |
| 15:52:53 | 9 | argument -- that it could be relevant.  This information |
| 15:52:58 | 10 | sounds at least relevant to me.  It may or may not move |
| 15:53:03 | 11 | the needle, but explain to me why this information -- I'll |
| 15:53:09 | 12 | make something up. |
| 15:53:10 | 13 | You know, if the city of Austin gave Google a tax |
| 15:53:15 | 14 | break of, I'll just say, $1 to locate their building not |
| 15:53:21 | 15 | only in the Western District, but to do it in Austin, and |
| 15:53:24 | 16 | not only in Austin, but to do it in downtown Austin to -- |
| 15:53:30 | 17 | you know, because it's such a phenomenal company and they |
| 15:53:32 | 18 | want it to be a tenant, they want the world to see, as |
| 15:53:39 | 19 | they're running along Town Lake, a building that has a big |
| 15:53:41 | 20 | Google sign on it. |
| 15:53:42 | 21 | Why isn't that at least relevant?  Why isn't that |
| 15:53:46 | 22 | information relevant? |
| 15:53:49 | 23 | MR. CALLAWAY:  I hear what you're saying, your |
| 15:53:51 | 24 | Honor.  I think that's why I started out by saying this is |
| 15:53:54 | 25 | a very attenuated way of measuring the public interest in |

| | |
|---|---|
| 15:53:57 | 1 |
| 15:54:00 | 2 |
| 15:54:04 | 3 |
| 15:54:07 | 4 |
| 15:54:10 | 5 |
| 15:54:12 | 6 |

1  view of the facts on the ground.  I would also say, if it
2  comes to a specific tax break from Austin or from the
3  state to locate in a particular place, that would be
4  public record.  So we would ask, you know, why is Google
5  then burdened with gathering that information if it's
6  equally available to both parties?

7          THE COURT:  My guess is that that's not a big
8  burden.  My guess is, Google has a lot -- is going to
9  suffer a lot bigger burdens in this case.  And I don't
10  mean to mock you, I'm just saying it seems to me that -- I
11  mean, sure that plaintiff can look that stuff up.  But,
12  you know, the difference is that if they decide to put it
13  in their motion or their response to your motion, as
14  opposed to it saying that there are public reports that
15  blah, blah, blah, blah, blah, what you have is that Google
16  has provided us with information that said this, I think
17  that's a different caliber of information.

18          I think it will be -- I think the Court would be
19  much more willing to rely on something -- some information
20  that was produced by Google and verified by Google.  I
21  think it, frankly, would benefit you to have the correct
22  number, rather than press reports, which might or might
23  not be right.

24          At any rate, I'm going to allow -- I'm going to
25  order Google to -- I want this kept confidential.  Or I

| | | |
|---|---|---|
| 15:55:24 | 1 | don't know where y'all are at on a protective order.  I |
| 15:55:26 | 2 | want this information to be confidential.  It doesn't |
| 15:55:31 | 3 | sound to me like it needs to be attorneys'-eyes-only, but |
| 15:55:34 | 4 | it should be confidential. |
| 15:55:36 | 5 | And I would like the information to be produced |
| 15:55:39 | 6 | to the plaintiff both to the extent that Google received |
| 15:55:47 | 7 | any either affirmative money or any kind of tax break that |
| 15:55:51 | 8 | incentivized it to locate in the Western District of |
| 15:55:55 | 9 | Texas, and/or if the state of Texas did the same thing |
| 15:55:59 | 10 | with respect to Google in locating, or building anything, |
| 15:56:06 | 11 | or moving, anything that indicates a local interest in the |
| 15:56:11 | 12 | Western District either on the part of a municipal entity |
| 15:56:19 | 13 | that is within the district or the state for something |
| 15:56:21 | 14 | where Google benefits within the district, I'll order that |
| 15:56:23 | 15 | that be produced in a confidential manner. |
| 15:56:28 | 16 | What is the next topic? |
| 15:56:33 | 17 | MR. ROSS:  Your Honor, once again, this is Mr. |
| 15:56:35 | 18 | Ross for the plaintiff. |
| 15:56:35 | 19 | The next topic is our Request For Production No. |
| 15:56:38 | 20 | 10, and this requests a copy of each declaration, dated |
| 15:56:42 | 21 | from January 1, 2017 to the present, that was signed by a |
| 15:56:47 | 22 | Google employee and filed in court in support of a motion |
| 15:56:52 | 23 | by Google to transfer venue in a patent case.  And, your |
| 15:56:58 | 24 | Honor, this goes to the informational asymmetry that the |
| 15:57:03 | 25 | Court touched on in the Parus decision.  This is |

| | | |
|---|---|---|
| 15:57:07 | 1 | information that is uniquely within Google's possession. |
| 15:57:13 | 2 | It tests, I guess, Google's understanding or application |
| 15:57:18 | 3 | of the word "inconvenient."  Obviously inconvenient is a |
| 15:57:23 | 4 | very subjective term, and it can mean different things to |
| 15:57:27 | 5 | different people and different contexts. |
| 15:57:30 | 6 | So what we'd like to do with this is to evaluate |
| 15:57:35 | 7 | the circumstances under which Google has sought to |
| 15:57:38 | 8 | transfer other cases in other courts to gauge what Google |
| 15:57:45 | 9 | feels is inconvenient and then, determine whether this is |
| 15:57:49 | 10 | something that is, indeed, done on a case-by-case basis, |
| 15:57:54 | 11 | based on the facts of each case. |
| 15:57:59 | 12 | THE COURT:  So -- and I hate to sound dumb, but I |
| 15:58:03 | 13 | might. |
| 15:58:04 | 14 | Are you asking for the attachments, the |
| 15:58:09 | 15 | declarations that were contained in a motion to transfer |
| 15:58:15 | 16 | where, for example, here, Google has been sued in the |
| 15:58:18 | 17 | Western District, they are trying to get out of the |
| 15:58:20 | 18 | Western District?  Or are you -- is it some -- is it a |
| 15:58:26 | 19 | declaration where Google has filed the suit and you want |
| 15:58:28 | 20 | the declarations of people who have transferred -- tried |
| 15:58:31 | 21 | to transfer the case against Google? |
| 15:58:34 | 22 | MR. ROSS:  Your Honor, it was -- it's actually |
| 15:58:38 | 23 | the former.  It's -- I'm sorry if the request wasn't clear |
| 15:58:43 | 24 | enough.  But this is situations where Google has sought to |
| 15:58:46 | 25 | transfer the case out of the court in which it was filed. |

15:58:52  1        THE COURT:  Let me hear from Google on that.

15:58:55  2        MR. CALLAWAY:  And to be clear, your Honor, as we

15:58:58  3   read Request For Production No. 10, it's asking for a copy

15:59:01  4   of each declaration, signed by a Google employee,

15:59:05  5   advocating for supporting a transfer motion in a patent

15:59:07  6   case, you know, anywhere.  So whether it's a motion to

15:59:10  7   transfer from the District of Maine or the District of

15:59:13  8   Delaware, or Western District, Eastern District, any

15:59:17  9   district.  And that goes to our objection, which is, let's

15:59:21 10   keep the game on the baseball diamond here.  This motion

15:59:24 11   is about the instant facts, you know, the availability of

15:59:27 12   evidence to this case and this district.

15:59:29 13        So this request isn't that.  This request by

15:59:34 14   Profectus is saying, we want to learn about Google's

15:59:36 15   litigation strategy or we want --

15:59:38 16        THE COURT:  I'm with you.  I mean -- and I agree,

15:59:42 17   actually.

15:59:45 18        So what is your position with respect to how far

15:59:48 19   back the plaintiff is seeking?

15:59:53 20        MR. CALLAWAY:  Well, this is an awful lot of

15:59:55 21   material they're looking for.  When I looked before the

16:00:00 22   call, I think I counted 160 cases that Google has been

16:00:05 23   sued on patents in the last three-and-a-half years, which

16:00:07 24   is the timeframe requested here.  I don't know, as I stand

16:00:10 25   here, how many of those have involved a motion to

| | | |
|---|---|---|
| 16:00:12 | 1 | transfer, but it's an awful lot of cases.  And -- |
| 16:00:14 | 2 | THE COURT:  Sure. |
| 16:00:15 | 3 | MR. CALLAWAY:  You know, obviously we see those |
| 16:00:17 | 4 | declarations in those other cases about other products and |
| 16:00:20 | 5 | other patents as being irrelevant here, you know, full |
| 16:00:25 | 6 | stop. |
| 16:00:27 | 7 | THE COURT:  Okay.  I'm going to grant the |
| 16:00:29 | 8 | request.  I'm going to limit those declarations to cases |
| 16:00:34 | 9 | where there was a motion to transfer either from the |
| 16:00:37 | 10 | Western District of Texas or the Eastern District of |
| 16:00:41 | 11 | Texas, and I think the date was January 1st of 2017. |
| 16:00:45 | 12 | That's 17, 18, 19, 20 -- I think from January 1st of 2018. |
| 16:00:51 | 13 | I think three years would be a fair representative number. |
| 16:00:56 | 14 | MR. CALLAWAY:  And, your Honor, if I could for |
| 16:00:59 | 15 | Google. |
| 16:00:59 | 16 | THE COURT:  Yes, sir. |
| 16:00:59 | 17 | MR. CALLAWAY:  Some of these declarations are |
| 16:01:01 | 18 | going to be shot through with very confidential |
| 16:01:03 | 19 | information.  So I am chagrinned to be producing this |
| 16:01:09 | 20 | stuff, but I take your ruling as it is.  But I just want |
| 16:01:13 | 21 | assurance from the plaintiff that we'll move forward on a |
| 16:01:16 | 22 | protective order that will protect very sensitive |
| 16:01:19 | 23 | information. |
| 16:01:19 | 24 | And I would even ask if we might redact some of |
| 16:01:23 | 25 | the confidential information in these declarations that |

| | |
|---|---|
| 16:01:25 | 1 | will be entirely, you know, technical in nature or related |
| 16:01:29 | 2 | to other products. |
| 16:01:32 | 3 | THE COURT:  Okay.  Let me say two things about |
| 16:01:33 | 4 | that.  One, when you produce these, these will be produced |
| 16:01:38 | 5 | under attorneys'-eyes-only; and if the plaintiff wants to |
| 16:01:42 | 6 | use them for some reason, they'll have to let the Court |
| 16:01:45 | 7 | know what they want to use out of them and why.  And two, |
| 16:01:49 | 8 | to the extent that there is an explanation of technology |
| 16:01:54 | 9 | that is irrelevant in any way to the technology that -- |
| 16:01:59 | 10 | for example, if the case in Austin was on Google Maps and |
| 16:02:06 | 11 | this is on Search or, you know, whatever else, you could |
| 16:02:10 | 12 | certainly redact the technical information.  And if the |
| 16:02:15 | 13 | plaintiff gets it and thinks that's unfair, then the |
| 16:02:20 | 14 | plaintiff will let me know they have an issue with a |
| 16:02:22 | 15 | specific one. |
| 16:02:25 | 16 | MR. CALLAWAY:  Understood, your Honor. |
| 16:02:30 | 17 | THE COURT:  Okay.  What's next? |
| 16:02:35 | 18 | MR. ROSS:  Next, we would be moving on to the |
| 16:02:36 | 19 | topics in Profectus' Rule 30(b)(6) deposition notice, and |
| 16:02:41 | 20 | this wraps in some of the other requests, although |
| 16:02:44 | 21 | indirectly.  Other document requests that Google has -- |
| 16:02:50 | 22 | that Profectus has served on Google asks for copies of |
| 16:02:55 | 23 | agreements with electrical providers, electricity |
| 16:03:01 | 24 | providers within the state of Texas. |
| 16:03:03 | 25 | For example, we understand that Google has |

16:03:05  1  entered into a partnership with Reliant Energy, which is

16:03:09  2  based in Texas.  And according to that partnership, Google

16:03:14  3  will provide these accused devices to Reliant, and Reliant

16:03:19  4  then provides the devices to its customers, which use them

16:03:25  5  in their homes for controlling their heating and cooling

16:03:29  6  systems and monitoring their electricity usage.

16:03:33  7          Another request goes to --

16:03:35  8          THE COURT:  Let me stop you there.

16:03:38  9          So I could see a nexus -- I know who Reliant is.

16:03:45  10  I can see a nexus in terms of the fact that it may mean

16:03:49  11  that there are third-party witnesses or documents, to the

16:03:53  12  extent documents still exist in the world from Reliant.

16:03:56  13  But I'm not sure why you need what you're asking for

16:04:03  14  unless Google is going to -- well, maybe I should ask

16:04:07  15  Google.

16:04:08  16          It seems to me that -- I'm actually on kind of

16:04:13  17  Google's side here where it seems to me, the relationship

16:04:15  18  between Google and Reliant, there's probably sufficient

16:04:18  19  information about in -- online and in the press that you

16:04:23  20  could accomplish what you need to in this motion, or

16:04:27  21  responding to the motion, without getting this information

16:04:30  22  from Google.

16:04:30  23          So what is it that you want from Google about

16:04:33  24  their relationship with Reliant that is probably not

16:04:36  25  publicly available?

| | | |
|---|---|---|
| 16:04:39 | 1 | MR. ROSS:  Well, your Honor, I apologize.  I |
| 16:04:41 | 2 | think I -- I was providing context there. |
| 16:04:44 | 3 | THE COURT:  Okay. |
| 16:04:46 | 4 | MR. ROSS:  The actual issue before the Court. |
| 16:04:48 | 5 | THE COURT:  Okay. |
| 16:04:49 | 6 | MR. ROSS:  Relates to our topic number two, which |
| 16:04:53 | 7 | concerns documents produced by Google in response to |
| 16:04:58 | 8 | Profectus' document requests.  Okay.  We've asked for |
| 16:05:04 | 9 | agreements between Google and Reliant, and to use them as |
| 16:05:08 | 10 | an example, we'd like to be able to ask a Google |
| 16:05:12 | 11 | representative about those agreements to provide context |
| 16:05:17 | 12 | and help us understand the nature of the arrangement. |
| 16:05:25 | 13 | That's really the extent of this.  Google -- |
| 16:05:31 | 14 | THE COURT:  Who are you -- |
| 16:05:31 | 15 | MR. ROSS:  I'm sorry. |
| 16:05:32 | 16 | THE COURT:  No.  It's me that's interrupting.  I |
| 16:05:33 | 17 | apologize. |
| 16:05:34 | 18 | Who is it that you're going to ask these |
| 16:05:36 | 19 | questions to?  Is there either going to be a deposition of |
| 16:05:40 | 20 | a corporate representative prior to your filing the |
| 16:05:44 | 21 | response? |
| 16:05:45 | 22 | MR. ROSS:  Yes, your Honor.  We've served the |
| 16:05:47 | 23 | interrogatories and document requests.  And we have also |
| 16:05:51 | 24 | served a Rule 30(b)(6) deposition notice, and that |
| 16:05:54 | 25 | deposition will be scheduled at a mutually convenient time |

| | | |
|---|---|---|
| 16:05:58 | 1 | and place after we receive the documents and other |
| 16:06:01 | 2 | discovery from Google. |
| 16:06:04 | 3 | THE COURT:  Let me ask counsel for Google.  I |
| 16:06:07 | 4 | understand the thrust of what they want. |
| 16:06:13 | 5 | Is there a representative document or two that |
| 16:06:17 | 6 | you could provide them that would enable them to question |
| 16:06:21 | 7 | -- intelligently question a Google witness about?  Because |
| 16:06:26 | 8 | it seems to me -- again, I'm trying to protect the Google |
| 16:06:29 | 9 | witness who might have to be schooled up on a number of |
| 16:06:32 | 10 | topics and come in there.  It seems to me, the Google |
| 16:06:36 | 11 | person would be better off if there were actual documents |
| 16:06:40 | 12 | in front of him that he could rely on to make sure he gets |
| 16:06:42 | 13 | the answers right with respect to a relationship with |
| 16:06:45 | 14 | Reliant. |
| 16:06:45 | 15 | But tell me what you think is an appropriate |
| 16:06:49 | 16 | response here to that request. |
| 16:06:52 | 17 | MR. CALLAWAY:  Thank you, your Honor. |
| 16:06:52 | 18 | And just to unthread this a few more loops, we |
| 16:06:56 | 19 | have the same reaction that your Honor expressed regarding |
| 16:06:59 | 20 | the contracts with Reliant and other parties, but in the |
| 16:07:04 | 21 | spirit of compromise, we did agree to respond to those |
| 16:07:08 | 22 | document requests and go ahead and produce those |
| 16:07:11 | 23 | confidential agreements. |
| 16:07:11 | 24 | So where we are now is, Profectus is saying, hey, |
| 16:07:15 | 25 | on top of that, we want to have a Google witness come and |

16:07:17  1  testify about these agreements, which puts us, again, in

16:07:22  2  the situation you expressed, which is we've gotta school

16:07:26  3  up a witness, folks are working from home, this might --

16:07:28  4  you know, the witness who knows about these agreements

16:07:30  5  that might be somebody other than the witness who knows

16:07:34  6  about the number of employees in the Austin office.

16:07:37  7          So the position we've taken here is, let these

16:07:41  8  agreements speak for themselves.  This is a considerable

16:07:45  9  document production that we're offering with respect to

16:07:49  10  these agreements, and having to offer up a 30(b)(6)

16:07:56  11  witness on top of that seems duplicative and pretty

16:07:59  12  burdensome.

16:08:00  13          THE COURT:  I think I'm with you on that one.  I

16:08:02  14  think if you had produced the exhibits for the good

16:08:05  15  they're going to do in this response to the motion, I

16:08:08  16  think you have everything you need.  I mean, it's only

16:08:11  17  going to have so much impact, and I don't know that

16:08:13  18  anything that a witness says would add to that.

16:08:17  19          I'll tell you this, though.  Here's what we're

16:08:20  20  going to do and it will sound like I'm cutting the baby in

16:08:23  21  half.  Maybe I am.  I'm going to allow -- I'm going to

16:08:29  22  deny the request for a deposition at this point.  I don't

16:08:34  23  know how or even whether the plaintiff will include

16:08:37  24  anything about that information in their response to the

16:08:43  25  motion to transfer.

| | | |
|---|---|---|
| 16:08:45 | 1 | If in their response, in Google's reply to the |
| 16:08:53 | 2 | response, if Google responds in a way to anything that has |
| 16:08:58 | 3 | to do with Reliant Energy where the plaintiff feels like |
| 16:09:02 | 4 | it goes outside of what's contained in what they have |
| 16:09:05 | 5 | access to in the documents, then you guys chat first and |
| 16:09:10 | 6 | then, call me.  I will definitely make sure that the |
| 16:09:14 | 7 | plaintiff has as much information as it needs to respond |
| 16:09:19 | 8 | to any position that Google takes with respect to this |
| 16:09:22 | 9 | really pretty narrow issue that sounds to me like we're |
| 16:09:26 | 10 | getting ahead of that right now if you have the |
| 16:09:30 | 11 | agreements. |
| 16:09:30 | 12 | What else do we have to take up? |
| 16:09:34 | 13 | MR. ROSS:  Well, your Honor, I understand the |
| 16:09:36 | 14 | Court's ruling about not having a deposition at this |
| 16:09:40 | 15 | point.  I do have one request, and that is that topic four |
| 16:09:45 | 16 | in my letter, it related to a -- what had been a Rule |
| 16:09:51 | 17 | 30(b)(6) deposition topic, and let me just read that to |
| 16:09:56 | 18 | you.  It's from January 1, 2017 to the present.  The |
| 16:10:01 | 19 | amount of business travel on a trips-per-year basis to |
| 16:10:05 | 20 | Google's facilities in the Western District of Texas by |
| 16:10:09 | 21 | Google's employees who are based at Google's facilities in |
| 16:10:14 | 22 | the Northern District of California. |
| 16:10:17 | 23 | I intended to ask that in a Rule 30(b)(6).  If |
| 16:10:23 | 24 | your Honor declines to allow a 30(b)(6) deposition at this |
| 16:10:27 | 25 | point, my request would be if we could convert that over |

| | | |
|---|---|---|
| 16:10:29 | 1 | into an interrogatory that Google could answer for us. |
| 16:10:34 | 2 | THE COURT:  I think that that is an extremely |
| 16:10:37 | 3 | relevant issue in my decision about whether or not I could |
| 16:10:42 | 4 | transfer the case. |
| 16:10:43 | 5 | And so, I am going to allow you to transform that |
| 16:10:47 | 6 | into an interrogatory.  And to the extent you need |
| 16:10:54 | 7 | specific documents, I would think in a very narrow manner, |
| 16:10:59 | 8 | there might be documents, or a spreadsheet, or something |
| 16:11:01 | 9 | that shows that in lieu of a deposition, I think that's |
| 16:11:05 | 10 | totally fair.  But I think that that's a very pertinent -- |
| 16:11:10 | 11 | I think that's one of the most important factors the Court |
| 16:11:13 | 12 | will consider. |
| 16:11:16 | 13 | MR. CALLAWAY:  Your Honor, if I might pose some |
| 16:11:18 | 14 | objections, if only for the record, on behalf of Google. |
| 16:11:20 | 15 | THE COURT:  Please do.  Yeah, yeah, I definitely |
| 16:11:23 | 16 | want you to protect the record. |
| 16:11:24 | 17 | MR. CALLAWAY:  With respect to -- this is |
| 16:11:26 | 18 | 30(b)(6) topic five, we do believe this is not a relevant |
| 16:11:32 | 19 | request because the thrust of this is, how often do Google |
| 16:11:35 | 20 | employees fly to Texas, right?  But that doesn't really |
| 16:11:40 | 21 | measure anything, except the size of the company, which |
| 16:11:41 | 22 | shouldn't be relevant to the 1404 analysis.  This goes to |
| 16:11:46 | 23 | how often do folks fly from California to Texas.  It |
| 16:11:50 | 24 | doesn't necessarily bear on the particular inconvenience |
| 16:11:53 | 25 | of any one witness whose -- you know, whose inconvenience |

16:12:00   1   legally is measured by the so-called hundred-mile rule.

16:12:02   2            And, you know, as a logical matter, just because

16:12:05   3   one guy makes the trip ten times, it doesn't make it any

16:12:08   4   more convenient for the other guy to make it.  So in our

16:12:11   5   view, that shouldn't weigh on the 1404 analysis.

16:12:13   6            THE COURT:  I understand.  You and I respectfully

16:12:17   7   disagree pretty strongly on that.  So -- and I'm not

16:12:25   8   saying you're wrong.  Actually, maybe at some point, the

16:12:27   9   circuit will help all of us decide whether or not that's

16:12:31  10   important or not and actually discuss it.

16:12:35  11            But I'm going to allow the plaintiff to send

16:12:37  12   interrogatory and a request for production with respect to

16:12:40  13   that issue.

16:12:41  14            Anything else?

16:12:43  15            MR. ROSS:  Your Honor, this is Mr. Ross.  I don't

16:12:46  16   have anything else at this point.

16:12:48  17            THE COURT:  Anything for Google?

16:12:53  18            MR. CALLAWAY:  I do think we skipped over one

16:12:57  19   request that was in our materials, Steve.  I don't want to

16:13:01  20   let it go unsaid and leave uncertainty as to which way we

16:13:05  21   wound up on that, and that is 30(b)(6) topics numbers six

16:13:10  22   and seven.  I don't want to speak out of turn, but are we

16:13:13  23   still raising that to the Court?

16:13:15  24            MR. ROSS:  Well, my understanding is, the Court

16:13:19  25   doesn't want us to do a Rule 30(b)(6) deposition notice.

| | | |
|---|---|---|
| 16:13:23 | 1 | So we won't be pressing that at this point unless we have |
| 16:13:27 | 2 | something else change and we need to go back to the Court |
| 16:13:30 | 3 | for -- to revisit the issue. |
| 16:13:33 | 4 | THE COURT:  Yeah.  And I don't know -- I'm sorry |
| 16:13:35 | 5 | to interrupt you, too.  That I don't know what those two |
| 16:13:38 | 6 | are, off the top of my head.  I have it here on my |
| 16:13:41 | 7 | computer, but I don't have it immediately in front of me. |
| 16:13:45 | 8 | Here's the way I see it is, I think the plaintiff |
| 16:13:50 | 9 | ought to have access to as much information as it needs to |
| 16:13:55 | 10 | respond to anything that Google argues to me.  So if in |
| 16:14:00 | 11 | their reply, the plaintiff -- or if in responding to the |
| 16:14:06 | 12 | motion, or if in responding to the reply to your response, |
| 16:14:12 | 13 | the plaintiff feels like they have been prejudiced by not |
| 16:14:15 | 14 | having access to information that Google has, then I'm |
| 16:14:19 | 15 | going to allow you to get that either from an |
| 16:14:21 | 16 | interrogatory, or a 30(b)(6), or whatever. |
| 16:14:24 | 17 | I'm just trying to say that that's what I -- I |
| 16:14:31 | 18 | want to make sure you have that access, but I don't think |
| 16:14:33 | 19 | we need to go beyond that because you're just responding |
| 16:14:36 | 20 | to their motion and evidence and arguments.  And so, |
| 16:14:40 | 21 | that's the balance I'm trying to strike here.  If in |
| 16:14:42 | 22 | either of those two 30(b)(6) topics, you think you need |
| 16:14:47 | 23 | information to respond to the motion that Google filed, or |
| 16:14:51 | 24 | if after you get the reply, you need it for that reason, |
| 16:14:55 | 25 | you need to make sure I'm aware of that and I'll take it |

| | | |
|---|---|---|
| 16:14:59 | 1 | up in that context. |
| 16:15:04 | 2 | MR. ROSS:  Yes, your Honor.  I understand that. |
| 16:15:05 | 3 | And certainly after we get their documents and we |
| 16:15:08 | 4 | review them, if it does appear that the circumstances have |
| 16:15:14 | 5 | changed, we will certainly alert the Court and ask for |
| 16:15:19 | 6 | leave to do that deposition. |
| 16:15:21 | 7 | THE COURT:  Okay.  Do it sooner, rather than |
| 16:15:23 | 8 | later, because in this age of COVID, I want to make sure |
| 16:15:28 | 9 | we can make arrangements to get it done right.  And, of |
| 16:15:31 | 10 | course, I'm equally concerned about protecting Google and |
| 16:15:34 | 11 | their folks, and so, I want to make sure that if I allow |
| 16:15:38 | 12 | you to do discovery, it's discovery both that's necessary |
| 16:15:42 | 13 | and it's done in a way that is, you know, prophylactic for |
| 16:15:48 | 14 | everyone involved. |
| 16:15:49 | 15 | So let me know as soon as you need help, if you |
| 16:15:52 | 16 | ever do need help, and we'll get back on a phone call like |
| 16:15:55 | 17 | this, and, of course, you know, I'll hear from both sides |
| 16:15:57 | 18 | and try and do whatever I can to make sure that both sides |
| 16:16:02 | 19 | are treated fairly. |
| 16:16:03 | 20 | So anything else from the plaintiff? |
| 16:16:05 | 21 | MR. ROSS:  No, your Honor. |
| 16:16:07 | 22 | THE COURT:  Anything else from counsel for |
| 16:16:09 | 23 | defendant? |
| 16:16:10 | 24 | MR. CALLAWAY:  Just briefly, your Honor. |
| 16:16:12 | 25 | THE COURT:  Yes, sir. |

| | | |
|---|---|---|
| 16:16:13 | 1 | MR. CALLAWAY:  With respect to RFP 10, the |
| 16:16:15 | 2 | declarations that were related to other transfer motions, |
| 16:16:18 | 3 | I understood your ruling as we discussed it.  And I'm |
| 16:16:20 | 4 | reminded by my co-counsel to ask, with respect to |
| 16:16:24 | 5 | redactions, with respect to protecting confidential |
| 16:16:27 | 6 | information, some of these declarations will have |
| 16:16:29 | 7 | technical information, which you mentioned redacting, and |
| 16:16:32 | 8 | some of them, on top of that, will likely have personnel |
| 16:16:36 | 9 | information that could be sensitive or confidential and |
| 16:16:39 | 10 | which we would view as not pertinent to the purpose of |
| 16:16:43 | 11 | their production here. |
| 16:16:44 | 12 | So I would ask if there's personnel information |
| 16:16:47 | 13 | on unrelated technology in those transfer declarations, |
| 16:16:50 | 14 | can we go ahead and redact that, too? |
| 16:16:52 | 15 | THE COURT:  I think -- and I'll hear from the |
| 16:16:55 | 16 | plaintiff in a second.  I think the only information that |
| 16:16:58 | 17 | is relevant about personnel that you need to produce with |
| 16:17:03 | 18 | these is what the person does and where they are located |
| 16:17:09 | 19 | for Google doing it, which I don't think -- doesn't seem |
| 16:17:14 | 20 | to me to be overly invasive.  And so -- because I'm sure I |
| 16:17:18 | 21 | could look up for most of the Google people, you know, |
| 16:17:20 | 22 | people's names and what they do. |
| 16:17:23 | 23 | And so, if -- you can -- as far as I'm concerned, |
| 16:17:27 | 24 | you can redact everything besides that about their person |
| 16:17:31 | 25 | -- about personnel. |

| | | |
|---|---|---|
| 16:17:34 | 1 | MR. CALLAWAY:  Understood. |
| 16:17:36 | 2 | THE COURT:  Now, again, if the plaintiff gets |
| 16:17:41 | 3 | something and he finds something particularly, for lack of |
| 16:17:44 | 4 | a better word, curious or interesting and in a specific |
| 16:17:49 | 5 | case, he wants to articulate to you first, and then, to me |
| 16:17:53 | 6 | last, why there might be additional information he wants, |
| 16:17:57 | 7 | I would urge Google to be, you know, as generous as you |
| 16:18:02 | 8 | can be while still protecting an employee. |
| 16:18:05 | 9 | If the plaintiff can articulate, I'd like to know |
| 16:18:07 | 10 | these, you know, these three things and they all seem to |
| 16:18:10 | 11 | be the kind of things that the Google employee would tell |
| 16:18:15 | 12 | someone at a cocktail party, or a job interview, or |
| 16:18:20 | 13 | something like that, I think you probably ought to provide |
| 16:18:22 | 14 | it to him.  But obviously that's entirely up to each one |
| 16:18:24 | 15 | of you to make that decision and if you have -- if you |
| 16:18:27 | 16 | have a disagreement, just let Josh Yi know and I'll hear |
| 16:18:30 | 17 | both sides. |
| 16:18:33 | 18 | MR. ROSS:  Very well.  We understand, your Honor. |
| 16:18:37 | 19 | Thank you very much. |
| 16:18:37 | 20 | THE COURT:  These questions -- when I'm answering |
| 16:18:39 | 21 | these questions, they're very helpful because I can refine |
| 16:18:43 | 22 | what it is I'm ordering and make sure that you guys don't |
| 16:18:45 | 23 | have to tussle over it both in -- in good faith because I |
| 16:18:49 | 24 | didn't think to tell you, you know, what the parameters |
| 16:18:52 | 25 | were.  So I very much appreciate.  My guess is, I know |

16:18:57  1    which local counsel made that suggestion and you made a

16:19:00  2    great choice in hiring her.

16:19:02  3            I'm always glad when people ask for questions for

16:19:07  4    clarification because I want to make sure you guys

16:19:08  5    understand what I'm ordering.

16:19:10  6            Anything else for Google?

16:19:11  7            MR. CALLAWAY:  I don't think so, your Honor.

16:19:14  8    Thank you.

16:19:15  9            THE COURT:  Okay.  You guys, be safe out there

16:19:17  10   and be well.  And I look forward to seeing you all at some

16:19:20  11   point again either in Austin or in Waco.  Have a good

16:19:26  12   afternoon.

16:19:27  13           MS. AMSTUTZ:  Thank you, Judge.

16:19:29  14           MR. CALLAWAY:  Thank you.

          15           MR. ROSS:  Thank you, your Honor.

          16           (End of proceedings.)

          17

          18

          19

          20

          21

          22

          23

          24

          25

* * * * * *

UNITED STATES DISTRICT COURT  )

WESTERN DISTRICT OF TEXAS)


    I, LILY I. REZNIK, Certified Realtime Reporter,

Registered Merit Reporter, in my capacity as Official

Court Reporter of the United States District Court,

Western District of Texas, do certify that the foregoing

is a correct transcript from the record of proceedings in

the above-entitled matter.

    I certify that the transcript fees and format comply

with those prescribed by the Court and Judicial Conference

of the United States.

    WITNESS MY OFFICIAL HAND this the 16th day of June,

2020.



                              /s/Lily I. Reznik
                              LILY I. REZNIK, CRR, RMR
                              Official Court Reporter
                              United States District Court
                              Austin Division
                              501 W. 5th Street,
                              Suite 4153
                              Austin, Texas 78701
                              (512)391-8792
                              SOT Certification No. 4481
                              Expires:  1-31-21