```
                  UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TEXAS
                        WACO DIVISION

PROFECTUS TECHNOLOGY,      ) Docket No. WA 20-CA-101 ADA
LLC                        )
                           )
vs.                        ) Waco, Texas
                           )
GOOGLE, LLC                ) May 29, 2020


       TRANSCRIPT OF TELEPHONIC SCHEDULING CONFERENCE
             BEFORE THE HONORABLE ALAN D. ALBRIGHT


APPEARANCES:

For the Plaintiff:         Mr. Steven E. Ross
                           Ross IP Group, PLLC
                           5050 Quorum Drive, Suite 700
                           Dallas, Texas 75254

                           Mr. Casey L. Griffith
                           Griffith Barbee, PLLC
                           1722 Routh Street, Suite 710
                           Dallas, Texas 75201

For the Defendant:         Ms. Paige A. Amstutz
                           Scott, Douglass & McConnico, LLP
                           303 Colorado Street, Suite 2400
                           Austin, Texas 78701

                           Mr. Daniel C. Callaway
                           Farella, Braun & Martel, LLP
                           235 Montgomery Street, 18th Floor
                           San Francisco, California 94104

Court Reporter:            Ms. Lily Iva Reznik, CRR, RMR
                           501 West 5th Street, Suite 4153
                           Austin, Texas 78701
                           (512)391-8792




Proceedings reported by computerized stenography,
transcript produced by computer-aided transcription.
```

15:16:05  1    THE CLERK: Telephonic scheduling conference in
15:16:07  2  Civil Action W-20-CV-101, styled, <u>Profectus Technology,</u>
15:16:13  3  <u>LLC vs. Google, LLC</u>.
15:16:15  4    THE COURT: Good afternoon, everyone.
15:16:17  5    If I could hear from plaintiff's counsel first
15:16:20  6  and then, defense counsel.
15:16:24  7    MR. ROSS: Thank you, your Honor.
15:16:25  8    This is Steven Ross, lead counsel for Plaintiff
15:16:27  9  Profectus. With me here on the phone is my co-counsel,
15:16:32 10  Mr. Casey Griffith.
15:16:37 11    Would the Court like us to get into more
15:16:39 12  substantive matters now? Or would the Court like to hear
15:16:41 13  from appearances from defendant's counsel?
15:16:46 14    THE COURT: I would. The latter, please.
15:16:52 15    MS. AMSTUTZ: Good afternoon, your Honor.
15:16:53 16    This is Paige Amstutz for Scott, Douglass,
15:16:56 17  McConnico on behalf of Defendant Google. I am here with
15:16:59 18  my co-counsel, Stephanie Skaff, Eugene Mar and Dan
15:17:05 19  Callaway from Farella, Braun & Martel. And also with us
15:17:08 20  is Don Wong from Google.
15:17:10 21    THE COURT: Very nice.
15:17:11 22    And I always like to give a little bit of a
15:17:15 23  shout-out whenever counsel or inhouse folks appear at my
15:17:21 24  hearings. I think it's important to what we do that
15:17:26 25  inhouse folks, whether they be clients or inhouse counsel,

15:17:29  1   attend and knows what's going on.  So I appreciate anyone
15:17:32  2   who attends in that manner.
15:17:35  3            So my understanding is that you all have agreed
15:17:37  4   to a Markman date of January 7th; is that correct?
15:17:45  5            MR. ROSS:  Your Honor, this is Steven Ross for
15:17:47  6   plaintiff.
15:17:48  7            I think that that is the date that we've arrived
15:17:54  8   at by default.  Plaintiff would prefer December 3rd, but I
15:18:00  9   understand that defendant's counsel is only available on
15:18:03  10  January 7th.
15:18:05  11           THE COURT:  Okay.  Well, then, let's do it
15:18:07  12  January 7th.  It's not going to delay your trial by very
15:18:12  13  much.  I could tell you that.  I sound like I'm talking
15:18:19  14  like the president now:  I can tell you that.
15:18:20  15           So for that, is there anything we need to take up
15:18:23  16  from the plaintiff's perspective with respect to the
15:18:24  17  Markman?
15:18:28  18           MR. ROSS:  Your Honor, I believe we should get
15:18:29  19  into the issue of briefing, which has actually been raised
15:18:32  20  by Defendant Google.
15:18:35  21           THE COURT:  Okay.
15:18:39  22           MR. CALLAWAY:  And, your Honor, I'm happy to
15:18:41  23  speak to that.  This is Dan Callaway for Google.
15:18:43  24           THE COURT:  Okay.
15:18:44  25           MR. CALLAWAY:  I don't expect to belabor this.

```
15:18:46   1            We had discussed with plaintiff the possibility
15:18:49   2   of agreeing to a Markman briefing schedule that would
15:18:53   3   include just one opening brief, one response, a reply and
15:18:57   4   potentially sur-reply on indefiniteness issues.
15:19:02   5   Unfortunately, we did not reach agreement as to that
15:19:04   6   proposal, so I'm certainly not inclined to press that
15:19:09   7   proposal at this time, in view of the Court's preference
15:19:11   8   for simultaneous briefing.
15:19:13   9            We don't have an agreement as to any arrangement
15:19:16  10   to substitute for your order governing proceedings.  So I
15:19:23  11   think at this time, we would just go ahead with your order
15:19:25  12   governing proceedings and the simultaneous briefing
15:19:28  13   outlined there.
15:19:28  14            THE COURT:  Okay.  And, Mr. Ross, what do you say
15:19:30  15   to that?
15:19:31  16            MR. ROSS:  Your Honor, we agree.  We prefer the
15:19:34  17   Court's default briefing schedule and page limits as set
15:19:38  18   out in the order governing proceedings.
15:19:41  19            THE COURT:  Well, that's why we have it.
15:19:43  20            Is there anything else that we could take up on
15:19:47  21   behalf of plaintiff?
15:19:49  22            MR. ROSS:  Your Honor, there is one other issue.
15:19:50  23            As the Court may know, Google has filed a motion
15:19:52  24   to transfer this case to the Northern District of
15:19:56  25   California.  The plaintiff's response is due to be filed
```

15:20:02  1  on June 2nd, next week.  We have indicated to defense --
15:20:11  2  defendant's counsel that we would like to seek leave of
15:20:13  3  court to conduct some expedited venue discovery in support
15:20:18  4  of plaintiff's opposition to the motion to transfer.
15:20:23  5          Earlier this week, we sent over a set of five
15:20:28  6  interrogatories, ten document requests, and a proposed
15:20:32  7  Rule 30(b)(6) deposition notice.  Our current intent is to
15:20:38  8  file our motion on or before June 2nd for the expedited
15:20:45  9  discovery.  And we will attach that discovery to our
15:20:47  10 motion.  I just wanted to make the Court aware of what our
15:20:53  11 plans are and see if the Court would like us to proceed in
15:21:00  12 any other manner on this issue.
15:21:06  13         THE COURT:  Have you all -- let me make sure I
15:21:09  14 understand.
15:21:10  15         Have the plaintiffs actually provided to Google
15:21:13  16 or counsel for Google, I guess, the specific discovery
15:21:18  17 that you would like to send them?  Have you provided it --
15:21:24  18 do they know what's coming?
15:21:26  19         MR. ROSS:  Yes, your Honor.  We served them with
15:21:27  20 that discovery two days ago.
15:21:29  21         THE COURT:  Okay.  So it is almost automatic in
15:21:36  22 my court to allow this kind of discovery when a defendant
15:21:40  23 files a motion to transfer like as Google has done.  So
15:21:45  24 let me hear from counsel for Google, if you have any
15:21:48  25 specific concerns with respect to the discovery that has

15:21:54  1  been sent to you by the plaintiff.
15:21:56  2              MS. AMSTUTZ:  And, your Honor, this is Paige
15:21:58  3  Amstutz.  I can speak to that.
15:21:59  4              We did get it a couple of days ago.  We are
15:22:02  5  looking at a very specific request to see if we do have
15:22:06  6  any issue with them because we know the Court's tendency
15:22:11  7  is to allow that discovery.  We're still in that process
15:22:14  8  with the hope we can reach resolution, but we know that if
15:22:16  9  we cannot, we come to the Court for some guidance.
15:22:19  10             THE COURT:  Mr. Ross, typically -- and I
15:22:21  11 apologize if you've been in my court before.  I don't -- I
15:22:24  12 just can't remember at this point.  But I think what Ms.
15:22:30  13 Amstutz just said is -- I mean, she has been in my court a
15:22:34  14 lot, so I'm sure she's advised Google how I would probably
15:22:39  15 rule.
15:22:39  16             I would advise you to very quickly chat with the
15:22:44  17 folks who are representing Google.  If they have any
15:22:48  18 specific issues with the discovery, not whether or not
15:22:51  19 they're going to answer discovery at all, but specific
15:22:53  20 issues, you folks try to work that out.  If you can't work
15:22:58  21 it out, you need to represent your client, Mr. Ross.
15:23:03  22 Google needs to have their lawyers represent them.
15:23:06  23             Just contact Josh Yi.  Or if there is a specific
15:23:10  24 discovery request, interrogatory, or anything that you
15:23:15  25 sent, maybe the categories for the 30(b)(6), or whatever,

```
15:23:19   1   if you all are fighting over any of those, just, you know,
15:23:22   2   send -- tell Josh Yi what it is that you're fighting over.
15:23:26   3   I may not even need a hearing, I may just rule on it.  But
15:23:30   4   you guys try and work that out by the end of the week.
15:23:33   5   Next Friday -- if you realize before next Friday -- that's
15:23:37   6   a week from today, not today.  If you all realize that
15:23:41   7   that's -- I don't want you spending three days trying to
15:23:44   8   work this out.  If you can work it out, great.  If you
15:23:47   9   can't work it out, that's fine with me, too.  Just let
15:23:50  10   Josh know.
15:23:50  11           But I'm going to allow discovery.  It's just if
15:23:55  12   Google has a specific concern with the discovery that you
15:23:59  13   sent, I'm certainly happy to take that up.
15:24:02  14           Mr. Ross, does that take care of that issue?
15:24:06  15           MR. ROSS:  Just for point of clarification, your
15:24:10  16   Honor, it's my understanding that a motion for leave to
15:24:14  17   conduct this discovery is not necessary; is that correct?
15:24:18  18           THE COURT:  It is.
15:24:21  19           MR. ROSS:  Thank you, your Honor.
15:24:23  20           THE COURT:  And if that's not clear from my local
15:24:26  21   rules, it will -- I will address that in my local rules,
15:24:31  22   and we'll make it so it is clear.
15:24:34  23           MR. ROSS:  Thank you, your Honor.
15:24:35  24           THE COURT:  You bet.  Anything else?
15:24:40  25           MR. ROSS:  That's all from the plaintiff's side,
```

```
15:24:42   1   your Honor.
15:24:42   2               THE COURT:  Anything for Google?
15:24:47   3               MR. CALLAWAY:  For Google, your Honor, again,
15:24:49   4   this is Dan Callaway.
15:24:51   5               Just by way of sort of status, we are in the
15:24:53   6   process of negotiating a protective order with plaintiff.
15:24:57   7   I won't belabor the specifics of that.  I think we're
15:24:59   8   working on it.  And then, Google is interested in
15:25:03   9   discussing with the plaintiff a stipulated reduction of
15:25:07  10   the default discovery limit.  This is a single-patent case
15:25:10  11   and a relatively limited universe of accused products.
15:25:18  12   The plaintiff's LLC only has two members, so we anticipate
15:25:21  13   modest discovery on that front and are interested in
15:25:26  14   reducing the default discovery limits for this case.
15:25:30  15               But I sense that that's premature on this call
15:25:33  16   because discovery is effectively stayed until after
15:25:36  17   Markman, notwithstanding the venue discovery that was just
15:25:39  18   discussed.
15:25:41  19               THE COURT:  That's correct.
15:25:42  20               And the only discovery I permit in advance of the
15:25:46  21   Markman hearing is either the discovery on venue --
15:25:50  22   because I believe the defendant in this case, and
15:25:53  23   rightfully so, has put into question whether or not the
15:25:56  24   case should be transferred, and so, that's why I allow
15:25:59  25   that.
```

```
15:26:00   1              And any other discovery that might be directly
15:26:03   2   relevant to Markman, for example, if the plaintiff wanted
15:26:07   3   to contend that they needed source code to do their
15:26:11   4   infringement contentions, I would find that type of
15:26:14   5   discovery acceptable, as well.  But all other routine
15:26:17   6   discovery is stayed until the Monday after the Markman.
15:26:26   7              MR. ROSS:  Very good, your Honor.
15:26:28   8              THE COURT:  Is there anything else we need to
15:26:29   9   take up for Google?
15:26:35  10              Okay.  I hope you all be safe out there.  Have a
15:26:37  11   wonderful weekend.  And I will forward -- I hope I see at
15:26:41  12   least some of you way before we have the Markman hearing.
15:26:43  13   And just let us know whenever -- let me tell you one more
15:26:48  14   thing quickly.
15:26:49  15              Google, you have filed -- I'm just terrible to
15:26:56  16   address people for their -- counsel for Google.  I
15:26:58  17   apologize.  The motion to transfer has been filed; is that
15:27:01  18   correct?
15:27:04  19              MR. CALLAWAY:  It is, your Honor.
15:27:06  20              MS. AMSTUTZ:  That's correct.
15:27:07  21              MR. CALLAWAY:  We had filed that motion.
15:27:08  22              THE COURT:  Okay.  When that motion is ripe,
15:27:11  23   whatever that means in this case, either when you all file
15:27:14  24   a reply or when you know the plaintiffs are done and are
15:27:18  25   or are not going to file a sur-reply, I'm going to put the
```

```
15:27:21   1   burden on you to just have someone contact the Court and
15:27:25   2   let us know that the motion is ready for us to consider.
15:27:29   3           What you should anticipate is us addressing it
15:27:34   4   pretty quickly after we know that it's ripe, and if we
15:27:38   5   believe we need a hearing on it, then we'll set a hearing
15:27:43   6   pretty quickly.  Given travel issues that are going on
15:27:49   7   right now, I would be happy to conduct that hearing in a
15:27:53   8   manner that's safe and productive for all parties.  We
15:27:59   9   could do it by telephone.  We could do it be Zoom.  We
15:28:04  10   could do it with some people in person and some people by
15:28:07  11   phone.  So we'll take that up down the road if I decide we
15:28:11  12   need a hearing.
15:28:11  13           But as soon as the motion is ready to be
15:28:13  14   considered, I'd like for counsel for Google to let the
15:28:17  15   Court know.
15:28:17  16           Is that okay?
15:28:21  17           MS. AMSTUTZ:  That's fine.
15:28:22  18           MR. CALLAWAY:  Yes, your Honor.
15:28:24  19           MR. ROSS:  Understood.
15:28:24  20           THE COURT:  Okay.  You guys have a wonderful
15:28:25  21   weekend.  Take care.  Bye.
15:28:28  22           (End of proceeding.)
          23
          24
          25
```