███████████████████████

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| PROFECTUS TECHNOLOGY LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:20-cv-00101-ADA |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| GOOGLE LLC, | § | ███████████████████ |
| | § | |
| Defendant. | § | |
| | § | |


**DEFENDANT GOOGLE LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF
LIMITED PRE-SUIT DAMAGES AND NO WILLFUL INFRINGEMENT**

███████████████████████████████████

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................1

II.     STATEMENT OF UNDISPUTED MATERIAL FACTS ...............................2

        A.      ████████████████████████████████
                .......................................2

        B.      Profectus's Pre-Suit Contacts With Google...............................3

        C.      Profectus's Present Litigation Against Google...........................4

        D.      █████████████████████████████
                .......................................5

III.    STATEMENT OF DISPUTED ISSUES TO BE DECIDED ..............................6

IV.     LEGAL STANDARD.................................................................................7

V.      ARGUMENT.............................................................................................7

        A.      Profectus Is Not Entitled To Pre-Suit Damages Before March 8, 2019. .................7

                1.      ██████████████████████████..................... 8

                2.      Profectus Cannot Meet The Actual Notice Requirement Of § 287
                        Before March 8, 2019. ................................................ 10

        B.      Profectus Is Not Entitled To A Finding Of Willful Infringement. ........................12

                1.      There Can Be No Willful Infringement Before March 8, 2019,
                        Because Google Was Not Aware Of Any Alleged Infringement By
                        The Accused Products.................................................. 12

                2.      ███████████████████████████
                        .......................................... 14

VI.     CONCLUSION.........................................................................................15

██████████████████████████████████████

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
    6 F.3d 1523 (Fed. Cir. 1993)................................................................. 8

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
    24 F.3d 178 (Fed. Cir. 1994)................................................................. 11

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)................................................................. 8

████████████████████████████
██████████████████████████████████████

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
    950 F.3d 860 (Fed. Cir. 2020)................................................................. 8, 9, 13

████████████████████████
██████████████████████████████████████

*Bayer Healthcare LLC v. Baxalta Inc.*,
    989 F.3d 964 (Fed. Cir. 2021)................................................................. 13, 14, 17

*Byers v. Dall. Morning News, Inc.*,
    209 F.3d 419 (5th. Cir. 2000) ................................................................. 7, 8

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)................................................................. 7

*Devices for Med., Inc. v. Boehl*,
    822 F.2d 1062 (Fed. Cir. 1987)................................................................. 9, 12

██████████████
██████████████████████████████████████

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) ................................................................. 14

*Hypermedia Navigation LLC v. Google LLC*,
    No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019)................................................................. 17

*Maxwell v. J. Baker, Inc.*,
    86 F.3d 1098 (Fed. Cir. 1996)................................................................. 9

*Moayedi v. Compaq Comput. Corp.*,
    98 F. App'x 335 (5th Cir. 2004) ................................................................. 8

*Norian Corp. v. Stryker Corp.*,
    363 F.3d 1321 (Fed. Cir. 2004)................................................................. 15

**TABLE OF AUTHORITIES**
(continued)

Page

*Profectus Tech. LLC v. Motorola Mobility LLC*,
     No. 6:11-CV-674 (E.D. Tex.) ............................................................. 5

*Schwendimann v. Stahls', Inc.*,
     No. 19-CV-12139, 2021 WL 37729 (E.D. Mich. Jan. 4, 2021) ........................................... 16

*Sprint Comm'cns Co. v. Atl. Broadband Fin. LLC*,
     No. CV 18-362-RGA, 2021 WL 982735 (D. Del. Mar. 16, 2021)........................................ 16

*United States v. Lawrence*,
     276 F.3d 193 (5th Cir. 2001) ............................................................... 8

*VLSI Tech. LLC v. Intel Corp.*,
     No. 18-cv-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ......................................... 16

**STATUTES**

35 U.S.C. § 284............................................................................ 1, 8

35 U.S.C. § 287............................................................................ passim

35 U.S.C. § 287(a) ......................................................................... 10

**RULES**

Fed. R. Civ. P. 56(a) ...................................................................... 7

███████████████████████████████████████████████

Defendant Google LLC moves for partial summary judgment on Plaintiff Profectus Technology LLC's claims for (i) damages prior to March 8, 2019, and (ii) willful infringement.

## I.     INTRODUCTION

███████████████████████████████████████████████████

█████████████████████████████████████████████. To recover pre-suit damages under 35 U.S.C. § 287, a plaintiff must show that it either (1) complied with the statute's marking requirement for its own products and those of its licensees, or (2) provided the defendant with actual pre-suit notice of infringement of the asserted patent by a specific accused product. ██████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████    It was not until March 8, 2019 that Profectus sent Google a letter ("March 2019 Letter"), which Profectus alleges provides actual notice of infringement. Accordingly, Profectus is not entitled to any damages before the March 8, 2019 date of its letter.

Profectus is similarly not entitled to a finding of willful infringement.  To prove willfulness, it is not enough for a patentee to establish that an accused infringer had knowledge of the asserted patent.  Rather, the patentee must prove a specific intent to infringe, which has been described as "wanton, malicious, bad-faith" behavior, or behavior "characteristic of a pirate."  But, before sending its March 8, 2019 letter, Profectus never notified Google that its accused Nest Hub products allegedly infringed the '308 Patent, and Google had no reason to believe that those products infringed. ██████████████████████████████████████



. Thus, Google's conduct was far from the "wanton, malicious, bad-faith"

behavior required for willful infringement.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS



**B.**     **Profectus's Pre-Suit Contacts With Google**

10.     Profectus alleges that it sent the March 2019 Letter to Google's General Counsel and that the letter was delivered on March 11, 2019.  Dkt. 1 ¶30; *id.* Exs. B, C.



11.     In the March 2019 Letter, Profectus accused the Google Home Hub of infringing the '308 Patent and "invite[d] [Google] to engage in discussions with Profectus regarding the terms and conditions of . . . a license" to the patent. *Id.* at 24, 25.

**C.      Profectus's Present Litigation Against Google**

16.     Profectus filed this lawsuit on February 10, 2020.  Dkt. 1.

17.     The '308 Patent expired the next day, on February 11, 2020.  '308 Patent at Cover.

18.     Profectus alleges that Google infringes the '308 Patent based on Google's smart display Nest Hub and Nest Hub Max products.  Dkt. 1 ¶¶1, 23, 24.

19.     Google Nest Hub was released first on October 22, 2018, while Google Nest Hub Max was released nearly a year later on September 9, 2019.  Dkt. 1 ¶38;

20.     Profectus asserts independent claims 1 and 22, and dependent claims 4, 9, 11, and

████████████████████████████████████████████████

30 of the '308 Patent. Dkt. 90 at 1. All asserted claims are apparatus claims. '308 Patent at Claims 1, 4, 9, 11, 22, and 30.

21.     Profectus alleges Google had actual knowledge of the '308 Patent since May 2012, after acquiring Motorola Mobility, Inc. while *Profectus Technology LLC v. Motorola Mobility LLC*, No. 6:11-CV-674 (E.D. Tex.) ("*Motorola Mobility*") was pending. Dkt. 1 ¶¶14, 28.

22.     Profectus further alleges that the March 2019 Letter provided Google actual notice of infringement. Dkt. 1 ¶29.

23.     Profectus seeks enhanced damages based on willful infringement. Dkt. 1 ¶¶28-38; *id.* at 10.

**D.**     ████████████████████████████████████████
████████████████████████

24.     The *Motorola Mobility* litigation that Profectus cites to support its willfulness claim was filed on December 16, 2011, ███████████████████████████████████, in the Eastern District of Texas ("EDTX"). ████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████

25.     On May 22, 2012, Google acquired Motorola Mobility, Inc., which was later renamed Motorola Mobility LLC. Dkt. 1 ¶¶16, 19; ██████████████████████

26.     On September 26, 2012, the *Motorola Mobility* case and related actions against other defendants were consolidated with *Profectus Technology LLC v. Huawei Technologies Co., Ltd.*, No. 6:11-cv-474 (E.D. Tex.), which became the lead consolidated case. Dkt. 1 ¶20.

██     ████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████



## III.   STATEMENT OF DISPUTED ISSUES TO BE DECIDED

1.     Whether Profectus has failed as a matter of law to meet its burden of showing its compliance with the marking and notice requirements of § 287 for the period before March 8, 2019 and, therefore, cannot claim pre-suit damages before that date.

2.     Whether Profectus has failed as a matter of law to meet its burden to show willful infringement:



███████████████████████████████████████████████

    a. before Profectus's March 8, 2019 Letter, when Profectus did not notify Google about any alleged infringement of the '308 Patent by the accused Google Nest Hub products, and Google had no other reason to believe that those products infringed; and

    b. after the March 8, 2019 Letter, ███████████████████████████

███████████████████████████████████████████████

## IV.  LEGAL STANDARD

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Where the nonmovant bears the burden of proof, the movant may discharge its burden on summary judgment by showing that there is an absence of evidence to support the nonmovant's case.  *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th. Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial."  *Byers*, 209 F.3d at 424.  The nonmovant must adduce affirmative evidence.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).  No "mere denial of material facts nor . . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden.  *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004).  Rather, the court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant.  *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001).

## V.  ARGUMENT

### A.  Profectus Is Not Entitled To Pre-Suit Damages Before March 8, 2019.

Under § 287, a patentee whose licensee practices the patent is entitled to damages from the



time when either (i) its licensee began marking its licensed products in compliance with § 287, or (ii) when the patentee provided actual notice of infringement to the accused infringer, whichever is earlier. *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993); *see also Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020). The patentee bears the burden of proving its compliance with § 287. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017).



█████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████

**2.     Profectus Cannot Meet The Actual Notice Requirement Of § 287 Before March 8, 2019.**

Profectus cannot show that it provided actual notice to Google of any alleged infringement by the Google Nest Hub products before the March 8, 2019 Letter.  Under § 287(a), "actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device"; mere notice of the existence of the patent is insufficient.  *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 186 (Fed. Cir. 1994). ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

Profectus admits that the earliest date that Profectus provided Google with actual notice of infringement is March 8, 2019, through its letter identifying the '308 Patent and the Nest Hub products as allegedly infringing.  Dkt. 1 ¶29. █████████████████████████

███████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████



\*   \*   \*

███████████████████████████████████████████

████████████████████████████████████████████████████

**B.      Profectus Is Not Entitled To A Finding Of Willful Infringement.**

Willful infringement requires more than mere knowledge of the asserted patent.  A patentee must establish that "the accused infringer had a specific intent to infringe at the time of the challenged conduct," which "has been variously described in . . . cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate."  *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021) (quoting *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016)).  Willfulness requires "deliberate or intentional infringement," *id.* at 988, which Profectus cannot meet its burden to show.

**1.      There Can Be No Willful Infringement Before March 8, 2019, Because Google Was Not Aware Of Any Alleged Infringement By The Accused Products.**

It is undisputed that Profectus did not provide Google with any notice of alleged infringement of the '308 Patent by the accused Nest Hub products before the March 2019 Letter. *See* Section IV.A.2.  Accordingly, Profectus cannot show willful infringement before March 8, 2019, because it cannot identify any legal basis for concluding that Google was even aware of any alleged infringement by its Nest Hub products before that date, let alone that Google had any specific intent to infringe at that time.

Profectus alleges that Google became aware of the '308 Patent as early as May 22, 2012, when it acquired Motorola during the pendency of the *Motorola Mobility* lawsuit.  Dkt. 1 ¶¶14, 28. ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████   But mere knowledge of the patent alone is insufficient as a matter of

law to establish willfulness. *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1332 (Fed. Cir. 2004).

Indeed, courts regularly deny willful infringement claims when they are based only on knowledge

of a patent, without any awareness of infringement:

- In *Norian*, the Federal Circuit affirmed dismissal of willful infringement when plaintiff never met its burden of presenting threshold evidence of culpable behavior despite the accused infringer stipulating that it had knowledge of asserted patents. *Id.* The district court summarized evidence of culpable behavior that was lacking: "No evidence of copying was presented. . . . No evidence was presented as to whether or not [defendant] had acted reasonably once it acquired knowledge of the patent." *Id.* at 1332-33.

- In *Sprint Communications Co. v. Atlantic Broadband Finance LLC*, the court granted

- 13 -



summary judgment of no willful infringement when plaintiff "does not offer any evidence that [defendant] knew that it was infringing the patents-in-suit or that [defendant] thought it was infringing some intellectual property right of [plaintiff]" but instead only "relies upon very general statements" about its communications of the patents-in-suit to defendant. No. CV 18-362-RGA, 2021 WL 982735, at *2 (D. Del. Mar. 16, 2021).

- In *VLSI Technology LLC v. Intel Corp.*, the court dismissed willful infringement when plaintiff's complaint failed to allege sufficient facts as to why a defendant was willfully blind to *its infringement* of the patents-in-suit, even if the complaint had sufficiently alleged that the defendant was willfully blind to the *existence* of those patents.  No. 18-cv-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019).

- And in *Schwendimann v. Stahls', Inc.*, the court dismissed willful infringement when plaintiff's complaint adequately alleged pre-suit knowledge of the asserted patent but lacked factual allegations of pre-suit discussions about "how" the defendant infringes.  No. 19-CV-12139, 2021 WL 37729, at *8 (E.D. Mich. Jan. 4, 2021).  Importantly, the court found it was not reasonable to infer that defendant had knowledge of infringement when the source of defendant's knowledge of the asserted patent was "outside the context of communications about . . . the Accused [ ] Products."  *Id.*

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████  Thus, Profectus cannot establish that Google willfully infringed before March 8, 2019, the date of Profectus's pre-suit letter.

    **2.**  ████████████████████████████████████
████████████████████████████

████████████████████████████████████████

████████████████████████████████████  There is no evidence that Google acted in a way that was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate."  In *Hypermedia Navigation LLC v. Google LLC*, the court dismissed a willfulness claim for failing to plead egregious conduct, despite allegations that Google received a pre-suit letter requesting a license, listing patents, and detailing in a chart which Google products allegedly provide the technology of some patents.  No. 18-CV-06137-HSG, 2019 WL 1455336, at *2 (N.D. Cal. Apr. 2, 2019).  The

█████████████████████████████████████████████████

court reasoned, even if "Google failed to properly investigate whether its products infringed," that "is too far a stretch to convert the [pre-suit] [l]etter into a basis for willful infringement."  *Id.*

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████  *See*

*Bayer*, 989 F.3d at 988 (affirming JMOL of no willfulness when evidence presented to jury merely demonstrates knowledge of the patent and direct infringement, but not conduct rising to the level of "wanton, malicious, and bad-faith behavior" or "deliberate or intentional infringement" as required for willfulness).

\*        \*        \*

Because Google had no awareness of alleged infringement of the '308 Patent by its accused Google Nest Hub products before March 8, 2019, ██████████████████████████████

█████████████████████████████████████████████████████

Google is entitled to summary judgment of no willfulness both before and after March 8, 2019.

## VI.  CONCLUSION

Google respectfully requests this Court to grant summary judgment that:  (i) Profectus is not entitled to pre-suit damages for the period before March 8, 2019, and (ii) Profectus is not entitled to a finding of willful infringement.

Dated:  August 24, 2021                    Respectfully submitted,

By */s/ Marc J. Pensabene*
Steve McConnico
Texas State Bar No. 13450300
Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
smcconnico@scottdoug.com
pamstutz@scottdoug.com

Darin W. Snyder *(Pro Hac Vice)*
dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
lsimmons@omm.com
Mark Liang *(Pro Hac Vice)*
mliang@omm.com
Daniel Silverman *(Pro Hac Vice)*
dsilverman@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Tel: (415) 984-8700
Fax: (415) 984-8701

Marc J. Pensabene (*Pro Hac Vice*)
mpensabene@omm.com
**O'MELVENY & MYERS LLP**
Times Square Tower
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

Stacy P. Yae (*Pro Hac Vice*)
syae@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Tel: (213) 430-6000
Fax: (213) 430-6407

- 16 -

Eugene Y. Mar
Winston Liaw
Daniel C. Callaway (*Pro Hac Vice*)
Stephanie Skaff (*Pro Hac Vice*)
FARELLA BRAUN + MARTEL, LLP
235 Montgomery Street, 18th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
emar@fbm.com
wliaw@fbm.com
dcallaway@fbm.com
sskaff@fbm.com

*Attorneys for Defendant Google LLC*

███████████████████████████████

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 24, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated:  August 24, 2021                          /s/ *Michael O'Donnell*
                                                             Michael O'Donnell