**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

Profectus Technology, LLC,

*Plaintiff,*

v.

Google, LLC,

*Defendant.*

Case No. 6:20-cv-00101-ADA

**REDACTED VERSION -**
**ORIGINAL FILED UNDER SEAL**

# PLAINTIFF PROFECTUS TECHNOLOGY LLC'S MOTIONS IN LIMINE

Pursuant to the Amended Scheduling Order (Dkt. No. 84), Plaintiff Profectus Technology, LLC ("Profectus") respectfully submits the following motions in *limine*.

**<u>Profectus's MIL No. 1</u>: Exclude testimony, argument, evidence, or reference to Profectus as a non-practicing entity or patent troll.**

The Court should exclude reference to Profectus's business activities and structure, including the use of any derogatory, disparaging, and/or pejorative references to Profectus as a patent troll, patent assertion entity, and/or a non-practicing entity. The Court should similarly preclude arguments suggesting that it is improper for Profectus to assert patent rights without practicing the patent, or suggestions that Profectus was assigned patent rights by its inventors James Bitetto and Frank Bitetto for the purpose of pursuing this and similar litigation. Any such references should be precluded on the basis that they have no relevance to the claims at issue, because whether Profectus practices the patent by making and/or selling products has no relevance to questions of infringement. FED. R. EVID. 402; *see also Hartford-Empire Co. v. U.S.*, 323 U.S. 386, 432-33 (1945) (patent owner "has no obligation either to use [the patented invention] or grant its use to others."). To the extent that such issues are relevant, the probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and/or misleading the jury. FED. R. EVID. 403. Courts customarily exclude the use of similarly pejorative terms to refer to a patent owner. *See ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-01112-JRG, 2015 WL 11089489, at *2 (E.D. Tex. Aug. 24, 2015) (precluding the parties from making any argument, reference, insinuation, or presenting evidence implying that plaintiffs are "patent trolls," "patent pirates," non-practicing entities, or other pejorative terms, or otherwise disparaging plaintiffs' business model); *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-CV-621-JRG-RSP, 2016 WL 7743510, at *1 (E.D. Tex. Sept. 21, 2016) (precluding the use of pejorative terms such as "patent troll," "pirate," "bounty hunter," "privateer," "bandit," "paper patent," "submarine patent," "stick up," "hold up," "shakedown," and "playing the lawsuit lottery"); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP,

2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015) (prohibiting defendants from making derogatory, disparaging, and/or pejorative references to Rembrandt including, inter alia, "patent troll"); *Datatreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2010 WL 11468934, at *4 (E.D. Tex. Oct. 5, 2010) (granting motion to preclude the term "patent troll" and other pejorative characterizations of plaintiff); *Freeny v. Murphy Oil Corp.*, No. 2:13-CV-791-RSP, 2015 WL 11108703, at *1 (E.D. Tex. May 29, 2015) (same); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2016 WL 4718963, at *2 (E.D. Tex. July 12, 2016) (precluding references to plaintiff as a "patent troll," "troll," "patent pirate," "shell company," "litigation shop," "lawsuit factory," "submarine patents," "litigious," "shakedown," "extortionist," and similar).

**Profectus's MIL No. 2: Exclude testimony, argument, evidence, or reference to the religious beliefs, political convictions, race, ethnicity, and/or sexual orientation of the parties, witnesses, or counsel. This exclusion does not apply to questions and responses to the juror questionnaire or during *voir dire*.**

The Court should exclude any evidence, argument or references to the religious beliefs, political convictions, race, ethnicity, and/or sexual orientation of the parties, witnesses, or counsel. Such matters are not relevant to any of the issues in this litigation. FED. R. EVID. 402. Moreover, any possible probative value of such matters is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and/or misleading the jury. FED. R. EVID. 403.

**Profectus's MIL No. 3: Exclude testimony, argument, evidence, or reference to the pending *ex parte* reexamination of the patent-in-suit.**

The Court should exclude any evidence, argument or reference to the pending *ex parte* reexamination of the patent-in-suit for three reasons. First, the grant of reexamination is irrelevant to this case because it is not probative of unpatentability. Second, there is only an approximate

14% chance that all the patented claims will be cancelled. Third, even if relevant, evidence of the reexamination proceedings should be excluded as unfairly prejudicial.

The grant of reexamination by the USPTO indicates only that the "criterion for reexamination has been met . . . [but] does not establish a likelihood of patent invalidity." *Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996). The USPTO statistics from September 2020 indicate that in only 14.2% of *ex parte* reexaminations requested by third-parties were all claims canceled, despite 92% of requests for reexamination being granted. *See* United States Patent and Trademark Office, *Ex Parte* Reexamination Filing Data—Sept. 30, 2020 (https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_roll_up_21Q1.pdf). Thus, as found in *Presidio Components Inc. v. American Technical Ceramics Corp.*, No. 08-CV-335-IEG (NLS), 2009 WL 3822694, at *2 (S.D. Cal. Nov. 13, 2009), "[t]here is thus a 'substantial likelihood' that, despite the grant of reexamination, the USPTO will uphold the patentability of some or all of [the patentee's] claims." Moreover, the unfairly prejudicial nature of reexamination proceedings evidence is exacerbated because the "USPTO does not apply the presumption of validity and applies a different standard of review." *Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.,* No. 3:18-CV-02109-BEN-LL, 2021 WL 1080688, at *3 (S.D. Cal. March 18, 2021) (citing FED. R. EVID. 403).

Moreover, even if it were relevant, any evidence or argument regarding the reexamination proceedings should be excluded under Federal Rule of Evidence 403 because they are unfairly prejudicial as they are incomplete and based solely on evidence provided by Google. *Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1343 (Fed. Cir. 2009) ("The district court did not abuse its discretion in concluding that the prejudicial nature of evidence concerning the ongoing parallel re-examination proceeding outweighed whatever marginal probative or corrective value it might

have had in this case."). There is no "result" in the reexamination and it therefore has little probative value and great potential for jury confusion. *3M Innovative Prop. Co. v. Dupont Dow Elastomers LLC*, No. 03-3364 MJD/AKB, 2005 WL 2216317, at *2 (D. Minn. Sept. 8, 2005) ("On the other hand, admission of evidence of an incomplete reexamination would have low probative value, would distract from the core issues of the case, and would be highly prejudicial.").

**Profectus's MIL No. 4: Exclude testimony, argument, evidence, or reference to any non-elected prior art or any theory of invalidity not set forth in Google's final invalidity contentions.**

The Court should exclude any evidence, argument, or reference to non-elected prior art or any invalidity theory not included in Google's final invalidity contentions. Pursuant to the Agreed Scheduling Order (Dkt. #33), March 4, 2021, was the deadline for Google to serve its Final Invalidity Contentions. On July 26, 2021, Google filed Amended Final Invalidity Contentions (Dkt. #89) after filing an unopposed motion for leave to amend.

In addition, as required by the Amended Scheduling Order (Dkt. #84), the parties met and conferred and agreed on a limited set of claims of the patent-in-suit to assert at trial and a limited set of alleged prior art to assert at trial. On August 18, 2021, the parties filed a Joint Report Regarding Agreement on Limitations of Asserted Claims and Prior Art (Dkt. #90). In that Joint Report, Google elected to limit its arguments at trial to 12 combinations of certain specifically identified alleged prior art references. Joint Report (Dkt. #90) at pp. 1-2.

It would be unfair and highly prejudicial to Profectus if Google were to rely at trial on evidence, argument, or refer to non-elected prior art or theories of invalidity not set forth in Google's Final Invalidity Contentions. Courts regularly exclude such matters. *See Core Wireless Licensing S.A.R.L.*, 2016 WL 4718963, at *2 (precluding LG from introducing "evidence or argument that non-elected prior art invalidates any claim" or introducing "any non-

elected prior art as an exhibit"); *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2018 WL 10638138, at *2 (E.D. Tex. Apr. 26, 2018) (excluding non-asserted prior art and requiring Defendants to obtain leave before using "prior art that is outside of the previously elected prior art invalidity case [sic] in order to show relevant background information at trial"); *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-cv-744, 2016 WL 3618831, at *4 (E.D. Tex. Mar. 1, 2016) (granting motion to "[e]xclude any argument, testimony, evidence, or reference to prior art or prior art combinations that were not included in invalidity contentions or elected"); *Nobelbiz, Inc. v. Global Connect, L.L.C.*, No. 6:12- CV-244, 2015 WL 11072170, at *3 (E.D. Tex. Sept. 2, 2015) (excluding non-elected prior art and noting that "Dr. Perry can talk about the state of the art, but must avoid citing references that were not elected as prior art in his invalidity analysis.").

**Profectus's MIL No. 5: Exclude testimony, argument, evidence, or reference to any theory of invalidity based on isolated elements or limitations of patent claims being in the prior art.**

Google should be precluded from introducing evidence or argument that individual claim elements were known in the prior art separate from an opinion that it would be obvious to combine elected references in Google's invalidity report together to yield the full invention of at least one challenged patent claim. Such an analysis is improper because as a matter of patent law, a combination of previously known elements can be patentable. *See, e.g., In re Kahn*, 441 F.3d 977, 986 (Fed. Cir. 2006) ("[M]ere identification in the prior art of each element is insufficient to defeat the patentability of the combined subject matter as a whole."); *In re NTP, Inc.*, 654 F.3d 1279, 1299 (Fed. Cir. 2011) (observing that a "piecemeal analysis is precisely the kind of hindsight" that must be avoided). The question is not whether individual elements in isolation were known, but whether the combination in the claimed invention as a whole was obvious. *In re Kahn*,

441 F.3d at 986. Accordingly, any argument, evidence or reference to an invalidity theory based on isolated elements or limitations being in the prior art would be irrelevant. FED. R. EVID. 402. Moreover, because it is premised on a misstatement of law, any such argument would be unfairly prejudicial to Profectus, would confuse the issues, and would be misleading to the jury. FED, R. EVID. 403.

[redacted]

[redacted].

[redacted]

[redacted]

[redacted]

[redacted]

**<u>Profectus's MIL No. 9</u>: Exclude testimony, argument, evidence, or reference to the number of patents owned by Google or the size of Google's patent portfolio.**

The Court should exclude any reference to Google's patents, which are outside the scope of its invalidity case and not elected by Google as prior art to the asserted patents. Settled law establishes that Google's patents are not relevant to Profectus's infringement claims. *Bio-Tech. Gen. Copr. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) ("The existence of one's own patent does not constitute a defense to infringement of someone else's patent. It is elementary that a patent grants only the right *to exclude others* and confers no right on its holder to make, use, or sell."); *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1309 (Fed. Cir. 2001) ("The fact that [accused infringer's] patent might read on the [accused device] is totally irrelevant to the question of whether [the accused infringer] willfully infringed another patent."); *Retractable Techs. Inc. v. Becton, Dickinson & Co.*, 2009 WL 8725107, at *7 (E.D. Tex. Oct. 8, 2009) (granting motion to exclude "any argument by Defendant that it does not infringe because the accused product is purportedly covered by patents that Defendant owns or licenses").

[redacted]



**<u>Profectus's MIL No. 10</u>: Exclude testimony, argument, evidence, or reference to Profectus's attorney fee agreements.**

The Court should exclude any reference to attorney's fee agreements that Profectus has with its counsel. Profectus's financial arrangements with counsel (past and present) are not relevant to Profectus's infringement allegations at issue. FED. R. EVID. 402. Moreover, to reference such matters runs the risks of unfair prejudice, confusing the issues, wasting time, and/or misleading the jury. FED. R. EVID. 403; *see SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-CV-158-JRG, 2012 WL 12906091, at *1 (E.D. Tex. May 24, 2012) (granting motion to preclude the parties from making any reference to, *inter alia*, attorney's fee arrangements); *see also Datatreasury Corp.*, 2010 WL 11468934, at *1 (granting motion to exclude reference to attorney fee arrangements, including whether counsel have advanced fees or monies to the parties in connection with the litigation); *Parthenon Unified Memory Architecture LLC*, 2016 WL

7743510, at *3 (granting agreed motion to exclude reference, arguments, or testimony regarding contingent fees, fees incurred, fee arrangements, any fees obtained as the result of previous settlements, attorneys).

**<u>Profectus's MIL No. 11</u>: Exclude testimony, argument, evidence, or reference to how Profectus is paying for the cost of the litigation.**

The Court should exclude any evidence, argument or reference to how Profectus is paying for the cost of the litigation. Profectus's financial arrangements to pay attorneys' fees and litigation expenses are not relevant to Profectus's infringement allegations at issue. FED. R. EVID. 402. Moreover, to reference such matters runs the risks of unfair prejudice, confusing the issues, wasting time, and/or misleading the jury. FED. R. EVID. 403; *see SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-CV-158-JRG, 2012 WL 12906091, at *1 (E.D. Tex. May 24, 2012) (granting motion to preclude the parties from making any reference to, *inter alia*, attorney's fee arrangements); *see also Datatreasury Corp.*, 2010 WL 11468934, at *1 (granting motion to exclude reference to attorney fee arrangements, including whether counsel have advanced fees or monies to the parties in connection with the litigation); *Parthenon Unified Memory Architecture LLC*, 2016 WL 7743510, at *3 (granting agreed motion to exclude reference, arguments, or testimony regarding contingent fees, fees incurred, fee arrangements, any fees obtained as the result of previous settlements, attorneys).

**<u>Motion in Limine No. 12</u>: Exclude testimony, argument, evidence, or remarks that Profectus has not sued third-parties that may be infringing the patent-in-suit.**

The Court should exclude evidence, argument, or remarks that Profectus has not sued third-parties that may be infringing the patent-in-suit. "A patentee does not have to sue all infringers at once." *Polymer Technologies, Inc. v. Bridwell*, 103 F.3d 970, 975 (Fed. Cir. 1996). Whether

Profectus has not sued third-parties that may be infringing the patent-in-suit is irrelevant to the issue of whether Google infringed the patent and should be excluded. FED. R. EVID. 402. In addition, any probative value of such an argument would be substantially outweighed by a danger of unfair prejudice, misleading the jury, and wasting time. FED. R. EVID. 403.

**<u>Profectus's MIL No. 13</u>: Exclude testimony, argument, evidence, or remarks that Google does not infringe because it has patents.**

The Court should exclude any evidence, argument, or remarks that Google does not infringe because it has patents. FED. R. EVID. 402 and 403. Settled law establishes that Google's patents are not relevant to Profectus's infringement claims. *Bio-Tech. Gen. Copr. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) ("The existence of one's own patent does not constitute a defense to infringement of someone else's patent. It is elementary that a patent grants only the right *to exclude others* and confers no right on its holder to make, use, or sell."); *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1309 (Fed. Cir. 2001) ("The fact that [accused infringer's] patent might read on the [accused device] is totally irrelevant to the question of whether [the accused infringer] willfully infringed another patent."); *Retractable Techs. Inc. v. Becton, Dickinson & Co.*, 2009 WL 8725107, at *7 (E.D. Tex. Oct. 8, 2009) (granting motion to exclude "any argument by Defendant that it does not infringe because the accused product is purportedly covered by patents that Defendant owns or licenses").

[redacted]

14



**CONCLUSION**

Plaintiff Profectus respectfully asks the Court to grant the foregoing motions in *limine*. A proposed order granting the requested relief accompanies this motion.

Dated: September 14, 2021.  Respectfully submitted,

/s/ *Steven E. Ross*
Steven E. Ross (*pro hac vice*)
Lead Attorney
Texas Bar No. 17305500
**ROSS IP GROUP PLLC**
5050 Quorum Drive, Suite 700
Dallas, Texas
Telephone: (972) 661-9400
Facsimile: (972) 661-9401
sross@rossipg.com

Casey Griffith
Texas State Bar No. 24036687
Michael Barbee
Texas State Bar No. 24082656
Maeghan Whitehead
Texas State Bar No. 24075270
Kirk Voss
Texas State Bar No. 24075229
**GRIFFITH BARBEE PLLC**
1722 Routh Street, Suite 710
Dallas, Texas 75201
Telephone: (214) 446-6020
Facsimile: (214) 446-6021
Casey.Griffith@griffithbarbee.com
Michael.Barbee@griffithbarbee.com
Maeghan.Whitehead@griffithbarbee.com
Kirk.Voss@griffithbarbee.com

**ATTORNEYS FOR PLAINTIFF
PROFECTUS TECHNOLOGY, LLC**

**Certificate of Conference**

The undersigned certifies that on September 10, 13, and 14, 2021, he conferred with Marc J. Pensabene and Mark Liang, counsel for Defendant Google LLC, via teleconference and email regarding the foregoing Motions in *Limine*. Counsel for Google stated that Google would oppose the foregoing Motions in *Limine*.

/s/ *Steven E. Ross*
Steven E. Ross

**Certificate of Service**

The undersigned certifies this document was filed electronically in compliance with Local Rule CV-5(a). As such, it was served on all counsel of record on September 14, 2021.

/s/ *Steven E. Ross*
Steven E. Ross