IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **PROFECTUS TECHNOLOGY LLC,**<br>　　　　　　　**Plaintiff,**<br><br>　　　　*v.*<br><br>**GOOGLE LLC,**<br>　　　　　　　**Defendant.** | **6:20-cv-00101-ADA** |

**MEMORANDUM OPINION & ORDER GRANTING-IN-PART**
**DEFENDANT'S BILL OF COSTS**

Came on for consideration this date is Google LLC's Bill of Costs, filed June 17, 2022.

ECF No. 222 (the "Bill"). Plaintiff Profectus Technology LLC filed an objection to the Bill on

July 22, 2022, ECF No. 225, to which Defendant Google LLC filed a response in support of its

Bill on July 29, 2022, ECF No. 226. Plaintiff also filed a brief, entitling it as a reply and arguing

that per the local rules, Google did not file a motion and that only Plaintiff's brief was crafted in

the form of a motion. ECF No. 227. Without addressing the substance of Plaintiff's arguments as

to form, the Court has taken each of the briefs under review. After careful consideration of the

Bill, the parties' briefing and oral arguments, and the applicable law, the Court **GRANTS-IN-**

**PART** the costs identified in Google LLC's Bill.

**I. BACKGROUND**

Profectus Technology LLC ("Profectus") brought a patent infringement suit against

Google LLC ("Google") on February 10, 2020, alleging infringement of at least U.S. Patent No.

6,975,308 (the "'308 patent"). ECF No. 1 ¶ 1. The '308 patent is directed to a digital picture

frame that displays digital images taken by a digital camera. '308 patent at 3:48–:50. Profectus

alleged that Google makes, uses, sells, offers for sale, and/or imports products directly infringing the '308 patent. ECF No. 1 ¶ 41.

This Court conducted a jury trial between September 30 and October 6, 2021, resulting in a unanimous verdict for Google. ECF No. 196. The jury found no direct infringement of any of the asserted claims of the '308 patent, nor induced infringement of the '308 patent. *Id.* at 2–3. Additionally, the jury found that each of the asserted claims of the '308 Patent were invalid. *Id.* at 4. The Court entered judgment on June 3, 2022. ECF No. 220. On June 17, 2022, Google entered its Bill requesting costs in the amount of $168,465.42. ECF No. 222 at 1.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure state, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Under this rule, there is a strong presumption "that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). The Fifth Circuit has held that this presumption intended to create *prima facie* entitlement to payment of costs and that the burden of overcoming this presumption shifts to the losing party. *Id*. Additionally, a court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Pacheco v. Mineta*, 448 F.3d 783, 794 (quoting *Schwarz*, 767 F.2d at 131).

As defined by statute, recoverable "costs" are limited to:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "The Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (quoting *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010)).

### III. ANALYSIS

As the prevailing party, Google is *prima facie* entitled to costs under Rule 54(d)(1). *Pacheco*, 448 F.3d at 793. Profectus argues that most of Google's proposed deposition costs and all requested trial graphics and support costs should be denied. ECF No. 225 at 1. After considering each argument, the Court finds that Google's requested costs should be significantly reduced to comport with the language of the applicable statute.

### A.      Google's Entitlement to Transcription Costs

A prevailing party may recover the costs of "printed or electronically recorded transcripts necessarily obtained for the use in the case." 28 U.S.C. § 1920(2). Google seeks to recover costs for printed and electronically recorded trial, pre-trial, and deposition transcripts. ECF No. 223 at 2–5. Profectus disputes the necessity of several of the requested transcript costs. ECF No. 225 at 9–10. Upon review, the Court finds the requested amount should be reduced, but only slightly more than the amount Google last proposed in its reply.

### 1.    *Transcripts of Court Proceedings*

Google seeks $12,268.43 in costs related to transcripts of court proceedings. ECF No. 223 at 2. This includes $11,667.78 for daily trial transcripts and $600.65 for pre-trial hearing transcripts. *Id.* Profectus does not dispute these claims, *see* ECF No. 225 at 1 n.2, and the Court is persuaded that the costs were necessary. Thus, Google is entitled to its trial transcription costs in the amount of $12,268.43.

### 2.    *Depositions*

In its initial Memorandum In Support of its Bill of Costs, Google sought $34,860.33 for costs related to depositions of Google and Profectus fact and expert witnesses. ECF No. 223 at 2. Google provided the following chart in support of its requested costs.

| Deponent | Reasons Why Transcripts Were Necessarily Obtained for Use in This Case |
|---|---|
| Frank Bitetto | Inventor of the patents-in-suit and testifying witness at trial |
| James Bitetto | Inventor of the patents-in-suit and testifying witness at trial |
| Justin Block | Profectus's expert on damages, provided an expert report and testified at trial |
| Willy Cheung | Google's employee deposed by Profectus |
| Erick Low | Google's employee deposed by Profectus |
| James Maccoun | Google's employee deposed by Profectus and testifying witness at trial |
| Michael Maigret | Google's employee deposed by Profectus |
| Andrew Fergus Simpson | Google's employee deposed by Profectus and testifying witness at trial |
| Mitchell Thornton | Profectus's technical expert, provided an expert report and testified at trial |
| Ashton Udall | Google's employee deposed by Profectus and testifying witness at trial |
| Susan West | Sony's corporate witness and testifying witness at trial who provided testimony on a key prior art device relied upon by Google at trial |

*Id.* at 3. Google further seeks the incidental costs associated with the depositions of Erick Low, Andrew Fergus Simpson, and Ashton Udall. *Id.* at 3–4. Google reasons that the expedited

4

delivery charges were necessary given the proximity of the depositions to the opening expert report deadline. *Id.* at 4. The depositions were conducted between four and eight days before the reports were due, necessitating expedited return charges as the testimony of the witnesses were thought to impact the expert reports. *Id.* at 4.

Profectus disputes most of Google's claimed deposition costs as outside the statutory language permitting recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Specifically, Profectus disputes the costs found in line items such as "Attendance – Per Session," "Realtime Services – Remote," "Veritex Virtual Primary Participants," "Realtime Services – Remote Connection," "Litigation Package – Secure File Suite," "Witness Read and Sign Services," "Concierge Tech Support," "Veritext Exhibit Package (ACE)," "Exhibit Share," and "Electronic Delivery and Handling." ECF No. 225 at 10. Profectus characterizes the costs as "unexplained" and "incurred for the convenience of Google and its counsel." *Id.* Last, Profectus objects to the costs for videos of the depositions, pointing to this Court's recent opinion in *MV3 Partners LLC v. Roku, Inc.¸* No. 6:18-cv-00308-ADA, 2022 WL 1913619, at *4 (W.D. Tex. June 3, 2022). *Id.* In that opinion, this Court reduced the requested deposition costs by entitling the prevailing party to recover costs for video depositions only for witnesses who did not testify at trial. *MV3 Partners*, 2022 WL 1913619 at *4.* Per Profectus, every witness listed in the above table testified at trial except for Willy Cheung, Erick Low, and Michael Maigret. But the invoices for those witnesses only list line items of "Electronic Access" and "Digitizing," neither of which Profectus claims are recoverable under 28 U.S.C. § 1920(2). ECF No. 225 at 10. After parsing through the invoices, Profectus calculates the recoverable cost total to be $10,814.25—the costs of obtaining copies of the transcripts of the depositions. *Id.* at 9.

In reply, Google notes that Profectus does not dispute the costs for a copy of each deposition transcript ($10,814.25), nor does it explicitly contest the request for expedited transcripts for Erick Low, Andrew Fergus Simpson, or Ashton Udall (totaling $1,509.06). ECF No. 226 at 5–6. Google also provides additional clarity regarding the line items in the invoices, arguing the necessity of certain line items as follows:

| Cost | Necessity |
| --- | --- |
| "Attendance – Per Session" and "Attendance (Full Day)" | This court reporter appearance fee is necessary for any deposition. |
| "Exhibits" | This fee is necessary to obtain copies of the exhibits used at a deposition. |
| "Litigation Package – Secure File Suite" and "Electronic Delivery and Handling" | These fees for sending final sets of transcripts and exhibits are required to actually obtain the transcripts. |
| "Surcharge – Extended Hours" | This fee is charged if the court reporter is required to work extended hours to cover a given deposition. |
| "Witness Read and Sign Services" | This fee is for attaching a witness errata sheet to the transcript. |

*Id.* at 6. Google withdraws all other deposition costs tied to line items other than those listed above. *Id.* Google also withdraws the costs for the videos of the witnesses who testified at trial. *Id.* at 7. Finally, Google clarifies that the costs for Willy Cheung, Erick Low, and Michael Maigret, the three witnesses that were deposed but did not testify at trial, were indeed the costs incurred for obtaining the videos of the depositions. *Id.* And while the line items "Electronic Access" and "Digitizing" are not explicitly listed in § 1920, they are indeed the costs for obtaining the video deposition. The invoices themselves clarify that, as they are the only line items associated with creating the videos. After reducing its requested costs, Google seeks a final total amount of $20,543.31 for deposition transcript and video costs (a reduction of $14,317.02).[1]

---

[1] The Court reached out to counsel requesting an updated Exhibit C (ECF No. 223-3) that highlighted only the pertinent and remaining charges Google sought to collect.

The underlying question for the requested costs is not necessarily the text of the line item on the invoice, but the necessity of the fee as dictated by § 1920. *See Bernardy v. Shriners Hospital for Children, Inc.*, No. 3:20-cv-165, 2022 WL 1694184, at *2 (S.D. Tex. May 25, 2022); *see also U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 133 (5th Cir. 2015). Google's withdrawal of numerous line-item costs is well-received by the Court. The Court finds that the requested costs of "Certified Transcript," "Attendance – Per Session," "Attendance (Full Day)," "Exhibits," "Litigation Package – Secure File Suite," "Electronic Delivery and Handling," "Surcharge – Extended Hours," and "Witness Read and Sign Services" are necessary costs for obtaining deposition transcripts under § 1920(2) for the reasons provided in the updated table in the reply brief. For such costs, the necessity is not necessarily derived from the text of the line item on the invoice, but from what the approved line items accomplish—as approved by § 1920.

With respect to the expedited rates, Google argues that the expedited transcripts were necessary because the depositions were taken between four and eight days before the opening expert reports were due. ECF No. 223 at 4. Google states that the "testimony of these witnesses was reasonably anticipated to be germane to the parties' opening expert requests." *Id.* Here, absent an expedited rate, the parties would have been deprived of the transcripts in preparing expert reports, necessities in patent litigation. Thus, the Court finds that the last-minute depositions of Google's witnesses, scheduled by Plaintiff, were sufficiently necessary for use in the case. *See Jacked Up, LLC v. Sara Lee Corporation*, No. 3:11-cv-3296-L, 2015 WL 10607574, at *3 (N.D. Tex. Sept. 2, 2015) (finding the costs for expedited deposition transcripts were necessary when "Plaintiff noticed the depositions shortly before the summary judgment deadline"); *see also MV3 Partners v. Roku*, 2022 WL 1913619, at *3.

Finally, the Court finds that the "Electronic Access" and "Digitizing" costs associated with the video depositions of Willy Cheung, Erick Low, and Michael Maigret were necessarily incurred to obtain videos of the depositions. Google should recover such costs. *See id.* at \*4 ("[Defendant] is entitled to recover only for video depositions of witnesses who *did not testify at trial*.") (emphasis in original); *see also Jacked Up v. Sara Lee*, 2015 WL 10607574, at \*2 ("Section 1920(2) authorizes recovery of the costs for both the paper transcript and the video recording of a deposition so long as, at the time that a transcript and a video recording were made, each could reasonably be expected to be used during trial or for trial preparation, rather than for the mere convenience of counsel or merely for discovery.").

The Court approves the undisputed costs for the transcripts ($10,814.25),[2] other necessary costs to acquire the transcripts as describe above ($4,286.20), expedited costs for the transcripts of three witnesses ($1,509.06), and costs for the video depositions of Willy Cheung, Erick Low, and Michael Maigret ($2,575.00). In sum, the Court approves $19,184.51 for necessary deposition costs.[3]

## B.    Google's Entitlement to Fees for Witnesses

Google seeks to recover $3,626.55 in witness fees for witnesses called during trial. ECF No. 223 at 5. The statutory costs associated with witness attendance at trial are set forth by 28 U.S.C. § 1821. Google's costs for each witness are taxed through an attendance fee for each day at trial as provided for in § 1821(b), required travel expenses as provided for in § 1821(c), and required overnight lodging as provided for in § 1821(d). The parties do not dispute these costs.

---

[2] This amount comprises all line items in the invoices entitled "Original with 1 Certified Transcript" or "Certified Transcript." The $10,814.25 amount is a baseline undisputed amount that also reduces the $8.30 per page charge to $4.35 per page on Justin Ray Blok and Mitchell Aaron Thornton, Ph.D.'s invoices (##5173577 and 5171419, respectively).

[3] Google's proposal for $20,543.31 is approved by the Court with one minor adjustment—the Court reduces the price per page for Dr. Thornton's deposition transcript to $4.35 per page.

The Court finds Google is entitled to full reimbursement for witness fees in the amount of $3,626.55.

### C.      Google's Entitlement to Exemplification & Copying Costs

A prevailing party may recover the costs of "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Google seeks to recover costs for producing trial graphics, obtaining demonstratives, and retaining a trial technician. ECF No. 223 at 5–7. Google does not request any costs for copying. *See generally id.* This Court finds the total recovery for exemplification costs should be significantly reduced.

#### 1.      *Physical Trial Demonstratives*

In Google's Memorandum in Support of its Bill of Costs, Google sought costs in the amount of $1,380.11, $1,070.58 of which was attributed to six of Google's allegedly infringing products. Profectus questioned why it was "necessary for Google to purchase its own products for the case." ECF No. 225 at 7. In turn, Google has withdrawn the request for the costs of those six units, but maintains its request for other physical trial demonstratives, including the prior art devices. Each of the remaining physical trial demonstratives[4] fit within the common definition of "exemplification." *See Exemplification Definition*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/exemplification (last visited Aug. 10, 2022) (defining it as an example and listing synonyms such as "prototype," "representative," and "sample"); ECF No. 223-5 at 1.[5] Given the demonstratives' utility in the trial and that the

---

[4] The Kodak Smart Picture Frame Storybook Digital, the Sony PHD-A55 5-in Digital Photo Frame, the Original Sony 128 MB Memory Stick, the Sony MSAC-US1 Memory Stick Reader/Writer w/ USB cord were each used at trial.

[5] The Court does not find that the foam travel case fits within the definition, nor that it was necessarily obtained for use in the case, particularly given that the products could have been transported in their original packaging. Moreover, the foam case cost more than the products themselves.

physical products, or examples, were necessarily obtained for use in this case, e.g., to prepare

defenses, for expert opinions, and for presentation to the jury at trial, the Court finds that such

costs should be granted. Accordingly, the Court awards costs in the amount of $135.74 for

physical trial demonstratives.

### 2.    *Graphics & Trial Equipment*

The main dispute centers on whether Google is entitled to an additional $116,330.00 for

courtroom equipment, graphics, and trial technician fees. Google asserts that these costs are

taxable "provided that the prevailing party obtained court approval before incurring the

expense." ECF No. 223 at 5 (quoting *Two-Way Media, LLC v. AT&T Servs., Inc.,* 2013 U.S.

Dist. LEXIS 202556, at *22 (W.D. Tex. Nov. 22, 2013)). Profectus argues that these costs are

not allowed under § 1920(4) because the statute only expressly allows for fees relating to the

"exemplification" of necessary materials, and the Fifth Circuit's understanding of the term

"exemplification" leaves no room for any of the costs Google is seeking. ECF No. 225 at 4. In

support, Profectus points to *Summit Technology, Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1375–78

(Fed. Cir. 2006) where the Federal Circuit interprets First Circuit jurisprudence as disallowing

costs for consulting fees associated with preparing trial graphics. The Federal Circuit in *Summit*

*Technology* notably describes the First Circuit as taking the same "narrow[] legal definition of

the term 'exemplification' endorsed by the Fifth Circuit." *Id.* at 1377.

Google contends that such costs are recoverable under § 1920(4) as recent cases,

including this Court's *MV3 Partners* opinion, recently granted costs for trial exhibits, graphics,

and demonstratives in an exercise of discretion. ECF No. 226 at 2. Google further argues that

these costs were necessary in order for Google to defend itself. *Id.* at 2–4. Google further

disputes that the invoices are insufficiently detailed, pointing to invoices used in other cases that

supported an award of costs. *Id.* Last, Google argues that it had implicit preauthorization for trial exhibits, graphics, and demonstratives. *Id.* at 4–5.

The Court recently addressed similar arguments in *MV3 Partners*, where the dispute centered on whether such costs were expressly authorized and contained sufficient details to prove they were necessarily incurred. With the benefit of additional briefing, and having the issue squarely presented, the Court finds that Google's requested fees for trail exhibits, graphics, and demonstratives do not fall within the language of § 1920 as "fees for exemplification." Recognizing that this is a fairly sudden about face from the *MV3 Partners* opinion, the Court provides the following reasoning.

a)      "Exemplification" should be narrowly construed.

First, whether the requested costs fall under "exemplification" in § 1920(4) is a threshold and determinative issue. Profectus relies on a narrow interpretation of "exemplification," defining it as "[a]n official transcript of a document from public records, made in form to be used as evidence, and authenticated as a true copy." BLACKS LAW DICTIONARY (4th ed. 1951). Google argues that this Court need not change course from its prior approach and that of other Courts in awarding such costs. But to continually err for the sake of consistency is still error. Moreover, the underlying question in *MV3 Partners* was not precisely whether such costs were "exemplification" costs, but instead whether the prevailing defendant "receive[d] prior express authorization from the Court." *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-CV-00308-ADA, 2022 WL 1913619, at *4 (W.D. Tex. June 3, 2022). The Court ultimately found that "*express authorization by the court is not necessary.*" *Id.* (emphasis in original). Because the parties squabbled over secondary questions instead of the threshold question, this Court did not eliminate the requested costs. However, after a further assessment of the law and the restrictive

11

language of the statute, the Court is of the opinion that awarding such costs is beyond the purview of the Court.

Google cites to several cases where costs for a trial technician and equipment were awarded.[6] In reviewing each of these cases, determination of whether the requested costs fell under the language of the statute was more an assumption than an analytical challenge. By no means does the Court discredit Google or prior courts for requesting and awarding these costs under the guise of "exemplification." But after a deep review of the invoices and briefing, the requested costs are not *exemplification* costs. As noted in *United Biologics, L.L.C. v. Allergy and Asthma Network/Mothers of Asthmatics, Inc.*, "no plausible reading of [§ 1920(4)'s] provision for fees for exemplification permits recovery for expenses resulting from the time an A/V technician spends in trial." No. 5:14-cv-35, 2021 WL 1968294, at *11 (W.D. Tex. May 17, 2021) (internal quotation marks omitted).

*United Biologics* provides a very narrow definition of "exemplification," relying only on the restrictive definition provided in *Black's Law Dictionary*. 2021 WL 1968294, at *15. This Court believes that a less restrictive definition, as provided by lay dictionaries, covers more than solely documentary transcripts and indeed encapsulates physical products. *See, e.g.*, *Exemplification       Definition*,       MERRIAM-WEBSTER.COM,       https://www.merriam-

---

[6] *See* ECF No. 223 at 6; *Two-Way Media, LLC & AT&T Servs., Inc.*, No. SA-09-CA-00476, 2013 WL 12090356, at *5–6 (W.D. Tex. Nov. 22, 2013) (Awarding $60,659.56 for graphic and visual consultation and equipment used in trial and stating: "In the Fifth Circuit, expenses for the production of various types of non-testimonial evidence—such as photographs, maps, charts, graphs, and other demonstrative aids—are taxable as costs provided the prevailing party obtained court approval before incurring the expense."); *Versata Software, Inc. v. SAP Am. Inc.*, No. 2:07-CV-153, 2011 WL 4436283, at *2 (E.D. Tex. Sept. 23, 2011) (awarding $90,090.00 for audio and visual professional services and stating: "The use of technology support during trial, particularly in complicated cases such as this case, is an anticipated, useful, and necessary tool to assist in the efficient presentation of cases."); *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-CV-00308-ADA, 2022 WL 1913619, at *4 (W.D. Tex. June 3, 2022) (awarding costs for graphics and trial equipment and stating: "But *express* authorization by the court is not necessary. Requests or invitations to submit tutorials or demonstratives for the *Markman* hearing and during trial is tantamount to pretrial approval.") (internal citations and quotation marks omitted).

webster.com/dictionary/exemplification (last visited Aug. 10, 2022) (defining it as an example and listing synonyms such as "prototype," "representative," and "sample"); *Exemplification Definition*, DICTIONARY.COM, https://www.dictionary.com/browse/exemplification (last visited August 10, 2022) (defining it as "something that exemplifies; an illustration or example" or "an attested copy of a document, under official seal").

Practically speaking, a broader definition than that accepted in *United Biologics* causes an insubstantial difference in taxable costs. While it may allow for and capture the costs beyond mere documents, such as physical product samples, this Court's accepted definition likewise excludes expenses incurred for graphics and trial technician services for trial. Trial graphics, trial consultant or technician fees, and a vague trial equipment charge from the same third-party trial graphics team are not examples, illustrations, prototypes, samples, or the like. Such costs simply do not fall within the language of the statute. *See Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573 (2012) ("Because taxable costs are limited by statute and are modest in scope, we see no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920.").

For support, the Court turns to *Summit Technology, Inc. v. Nidek Co., Ltd.*, wherein the Federal Circuit outlined its basis for rejecting requested costs in preparing trial exhibits, computer animations, videos, PowerPoint presentations, and graphic illustrations and finding that they were not "exemplifications." 435 F.3d at 1374–78. The Federal Circuit reviewed the case under a First Circuit interpretation, but notably was persuaded "that the First Circuit would adopt the narrow, legal definition of the term 'exemplification' endorsed by the Fifth Circuit, the Eleventh Circuit, and [the Federal Circuit] applying Sixth Circuit law." *Id.* at 1377.

Ultimately, Google's case support represents a view of § 1920 that the Fifth Circuit appears to have abandoned. *Compare* ECF No. 223 at 5 (citing Fifth Circuit cases from the 1980s and 1990s), *with* ECF No. 225 at 5–6 (citing Federal Circuit, Fifth Circuit and District Court cases from the 2000s, 2010s, and 2020s). Consequently, the Court agrees with the Federal Circuit's appraisal of the Fifth Circuit's current approach to the term "exemplification" as narrow in scope. *See, e.g., U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 133 (5th Cir. 2015) (denying costs for "shipping, binding, and tabbing of depositions" as non-taxable under § 1920 because "these types of costs are nowhere enumerated in the statute"); *Zastrow v. Houston Auto M. Imports Greenway, Ltd.*, 695 F. App'x. 774, 780 (5th Cir. 2017) (denying costs for "video setup and playback at trial" because "nothing in the statute authorizes" these costs). This interpretation, confirmed by other divisions in this District, avoids "transform[ing] § 1920(4) from a tool to recover 'relatively minor, incidental expenses' into a roving warrant to recover potentially millions of dollars expended on graphics and demonstratives." *United Biologics*, 2021 WL 1968294, at *11. Because nothing in § 1920(4) authorizes taxing costs for trial graphics, trial technicians, trial equipment, or equipment for remote trial testimony, either explicitly or implicitly, the Court declines to hold Profectus responsible for reimbursing Google for these costs.

> b)      Costs for items outside the statutory provision cannot be curatively taxed with pre-authorization.

Because the Court finds that Google's requested costs are not "exemplative," no further analysis should be required. However, as cited by Google, some courts have historically expanded the definition of "exemplification" to incorporate a wide variety of exhibits and demonstrative aids. Much of the support for such exemplification costs stems from language cited in *Two-Way Media* which endorses expenses for various types of non-testimonial evidence

"provided the prevailing party obtained *court approval* before incurring the expense." *Two-Way Media*, 2013 WL 12090356, at \*5 (emphasis added).

*Two-Way Media* cites to *Kellstrom* to support this notion. Importantly, the Fifth Circuit's language in *Kellstrom* indicates that "costs should always be given careful scrutiny." *Kellstrom*, 50 F.3d at 335. *Two-Way Media* also relies on *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 132–33 (5th Cir. 1983), for the proposition that a court can award costs for charts, models and photographs and justify taxation of costs outside the statutory provision if pretrial authorization existed. In *Kodak*, the Fifth Circuit reversed an award of $1,067.97 for charts, models, and photographs, finding the record did not show any prior approval. *Id.* But even this analysis hinged on the Court's opinion in *Johns-Manville Corp. v. Cement Asbestos Products Co.*, 428 F.2d 1381, 1385 (5th Cir. 1970), wherein the Fifth Circuit allegedly endorsed taxation of costs outside the statutory provision if prior authorization was given.

After a deep review of the caselaw, the Court is convinced this proposition has since been abrogated with a restrictive focus on the language of the statute. *See United Biologics*, 2021 WL 1968294, at \*14 (detailing the Fifth Circuit's admission that *no statutory provision* supported taxation of charts and exhibits as costs in applying a "pretrial approval" rule and providing detailed analysis of subsequent opinions abrogating such a rule); *see also Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1297 (11th Cir. 2001) ("More recently we have revisited the holding of *Johns–Manville* and its conclusion that no statutory provision exists for the taxation of these kinds of exhibits, and concluded that the Supreme Court's determination in *Crawford Fitting* that statutory authorization is an essential prerequisite to an award of costs necessarily abrogates that portion of the *Johns–Manville* decision that condoned taxation if prior authorization had been obtained.").

15

The Court agrees with and adopts the analysis of Judge Lamberth in the *United Biologics* opinion, reasoning that an "atextual tax-whatever-the-court-preapproved approach" has been abrogated. 2021 WL 1968294, at \*15. Additionally,

> Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts. Indeed, "the assessment of costs most often is merely a clerical matter that can be done by the court clerk." *Hairline Creations, Inc. v. Kefalas,* 664 F.2d 652, 656 (C.A.7 1981). Taxable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators. It comes as little surprise, therefore, that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." 10 Wright & Miller § 2666, at 203. Because taxable costs are limited by statute and are modest in scope, we see no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920.

*Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). Here, a request for $114,380.00 is a staggering amount well beyond "minor, incidental expenses" as outlined in § 1920. Hence, the Court reduces Google's requested costs to only those allowed by the statute and disapproves of skirting § 1920(4)'s plain meaning on the basis of pre-authorization.

## IV. CONCLUSION

It is therefore **ORDERED** that Defendant's Bill of Costs, ECF No. 222, is **GRANTED-IN-PART.** Google is entitled to the following costs:

- Trial transcription costs in the amount of $12,268.43;
- Deposition transcription costs in the amount of $19,184.51;
- Witness fees in the amount of $3,626.55; and
- Physical trial demonstratives in the amount of $135.74.

**IT IS THEREFORE ORDERED** that Plaintiff Profectus Technology LLC pay $35,215.23 in costs pursuant to § 1920.

SIGNED this 15th day of August, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE